IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGYLINK CORPORATION | § | Civil Action No. 23 CV 0626 |
| d/b/a ENERGYLINK INTERNATIONAL | § | |
| Plaintiff | § | Judge _____ |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| BRADEN GROUP B.V. | § | |
| f/k/a INNOVA GLOBAL EUROPE B.V. | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff EnergyLink Corporation d/b/a EnergyLink International ("**EnergyLink**"), for its complaint against Defendant Braden Group B.V. ("**Braden Europe**"), alleges:

### NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act. EnergyLink seeks a declaration that it has not misappropriated any Braden Europe trade secret and is not liable for trade secret misappropriation under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act.

2. Braden Europe has created an actual, substantial, and immediate controversy by threatening litigation over alleged trade secret misappropriation, among other allegations, and by demanding that EnergyLink cease and desist in lawful behavior. Braden Europe's threats have created an actual, substantial and immediate controversy over the rights and legal relationship between the parties. Judicial declarations confirming that EnergyLink's conduct is lawful are necessary and appropriate.

3. This is also an action for defamation, business disparagement, tortious interference with prospective business relationship, unfair competition, and false advertising. EnergyLink

1

seeks declaratory and monetary relief from Braden Europe's false statements about EnergyLink's business.

4. For example, Braden Europe has falsely told EnergyLink's prospective customers, including General Electric ("**GE**"), that EnergyLink's selective catalytic reduction ("**SCR**") products use Braden Europe's alleged intellectual property. On information and belief, no such intellectual property exists or, to the extent any such intellectual property exists, Braden Europe does not possess any enforceable property rights in it against EnergyLink. Judicial declarations of defamation, business disparagement, tortious interference with prospective business relationship, unfair competition, and false advertising are necessary and appropriate. Damages for defamation, business disparagement, tortious interference with prospective business relationship, unfair competition, and false advertising are also necessary and appropriate.

## PARTIES

5. Plaintiff EnergyLink Corporation d/b/a EnergyLink International is an Alberta, Canada corporation and has its principal place of business at 700 4 Ave SW, Suite 1900, Calgary, Alberta, Canada.

6. On information and belief, Defendant Braden Europe is a Netherlands private limited company with its principal place of business in Heerlen, Netherlands.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 2201 because this action arises under the laws of the United States, including 18 U.S.C. § 1836(c). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any claims that do not arise under the laws of the United States because any such claims arise from the same nucleus of operative facts as the federal claims.

8. A substantial, immediate, and real controversy exists between the parties concerning the rights and legal obligations of the parties, warranting the issuance of a declaratory judgment. Braden Europe has threatened a lawsuit and has taken other action to disparage EnergyLink and to harm EnergyLink's ability to compete.

9. This Court has personal jurisdiction over Braden Europe because this District is the focal point of Braden's defamatory statements about EnergyLink. In Houston, for example, Braden Europe made defamatory statements to EnergyLink's potential customer, GE, about Braden Europe's purported intellectual property rights in the SCR systems that EnergyLink has supplied or is offering to supply in Houston.

10. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to EnergyLink's claims occurred in Houston area. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because Braden Europe is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

11. EnergyLink is a leading supplier of specialized and balanced solutions for air emissions and noise management, acoustic consulting, gas turbine auxiliary systems, and turnkey buildings.

12. For example, EnergyLink is a leading supplier of SCR systems to North American power plants. SCR systems reduce pollution from power plants by removing pollutants, such as nitrogen oxides, from the gas emitted by power plant turbines and other combustion sources.

13. EnergyLink has supplied more than 50 SCR systems in the Houston area. These systems have achieved 92–96% nitrogen oxide removal, resulting in major pollution reduction.

14. Innova Global Limited ("**Innova**"), a Calgary-based emissions and noise management company, also supplied SCR systems ("**Innova SCR Systems**"). Innova had a U.S. subsidiary, Braden Manufacturing LLC ("**Braden U.S.**"), which supplied Innova SCR Systems. Innova also had a European subsidiary, Braden-Europe B.V. ("**Braden Europe**"), which on information and belief did not supply Innova SCR Systems or possess any property rights in any trade secrets, confidential or proprietary information concerning Innova SCR Systems.

15. As of early 2019, Innova was in negotiations with a third party, **ProEnergy**, to supply Innova SCR Systems to ProEnergy.

16. In early 2019, however, Innova became insolvent. On April 1, 2019, a Canadian court appointed PricewaterhouseCoopers ("**PwC**") as Innova's receiver. As a result of the receivership, on information and belief Innova and Braden U.S. ceased to be going concerns. On information and belief, Braden Europe, and its direct and indirect subsidiaries, survived the receivership.[1]

17. In 2019, after Innova entered into receivership, EnergyLink and Braden Europe collaborated to make a proposal to supply SCR systems to ProEnergy. Under the proposal, EnergyLink would supply ProEnergy with SCR systems in North America and Braden Europe would supply ProEnergy with SCR systems in Europe.

18. As a result of the 2019 collaboration between Braden Europe and EnergyLink for the ProEnergy proposal, Braden Europe was fully aware of the details of the SCR system that was proposed by EnergyLink to ProEnergy, which is in all material respects the same SCR system

---

[1] Braden Europe had a subsidiary, Global Power Netherlands B.V., which had two subsidiaries: Braden-Europe B.V. and Global Power Professional Services Netherlands B.V. On information and belief, none of Braden Europe's direct or indirect subsidiaries supplied Innova SCR Systems or possessed any property rights in any trade secrets, confidential or proprietary information concerning Innova SCR Systems.

EnergyLink sells today. Representatives of Braden Europe sat in on at least two meetings with EnergyLink and ProEnergy about the proposal during which the technical details of the SCR systems being proposed were discussed.

19.     At no point during these meetings did Braden Europe ever assert that the information provided was Innova SCR System confidential, proprietary or trade secret information, accuse EnergyLink of improperly using any Innova SCR System confidential, proprietary or trade secret information or claim to possess any property rights in any Innova SCR System confidential, proprietary or trade secret information.

20.     Ultimately, EnergyLink won the ProEnergy business in the U.S. but Braden Europe did not win the ProEnergy business in Europe. EnergyLink and Braden Europe have not collaborated since.

21.     In September 2019, EnergyLink asked PwC whether any Innova intellectual property was available for purchase from the receiver. PwC responded that "[t]he Receiver is still in the process of determining what parts of the IP it's able to sell as there may be restrictions from Innova's previous customers."

22.     In January 2020, EnergyLink asked PwC whether any Braden entity had acquired any intellectual property from the receiver. PwC responded that Braden Europe had acquired "copies" of "data and information" of Innova Global Operating Limited (an indirect subsidiary of Innova) and that Braden Europe had "access" to "electronic data and property it owns" on the computer servers of Innova Global Inc. (an indirect US subsidiary of Innova). All of Braden Europe's data files were stored in the United States in the servers of Innova Global Inc. PwC clarified, however, that the receiver "d[id] not expect to be able to monetize the [Innova] IP" and had not sold any of the Innova IP because of "various claims and disputes" from Innova original

5

equipment manufacturers (e.g., Siemens, GE, Mitsubishi, Solar Turbines) about who owned the Innova IP.

23. At no time before December 27, 2022 did Braden Europe or any related entity ever assert that EnergyLink was misusing or misappropriating any alleged Braden Europe rights in any Innova intellectual property or any Innova SCR Systems confidential, proprietary or trade secret information.

24. On December 27, 2022, Braden Europe sent a letter to EnergyLink in which it accused EnergyLink of possessing, using, and disclosing "trade secret, confidential, and/or proprietary information belonging to [Braden Europe]." Exhibit 1. In the letter, Braden Europe threatened "claims for misappropriation of trade secrets," among other threatened claims. *Id.* In the letter, Braden Europe falsely represented to be the successor-in-interest to Innova Global Ltd. and, on information and belief, falsely represented to be the "rightful owner of certain intellectual property assets including trade secret, confidential and/or proprietary information previously owned by Innova Global Ltd."

25. To this day, however, Braden Europe has failed to identify any particular "trade secret, confidential, and/or proprietary information" at issue. Braden Europe has also failed to explain how it claims to have any enforceable property rights in any of the "trade secret, confidential, and/or proprietary information" at issue.

26. All the while, Braden Europe has been spreading misinformation in the market about EnergyLink's ability to lawfully supply SCR systems. In 2022, for example, EnergyLink was in discussions with GE about potentially supplying SCR systems to GE in Houston. EnergyLink was well-positioned to supply GE, as it had recently become a GE certified vendor and had already supplied 50+ SCR systems in Houston for EnergyLink's other customers. But

then, suddenly, GE ended the discussions. When EnergyLink asked why, GE answered that it was too risky to get involved in a dispute between two vendors. EnergyLink investigated GE's answer and quickly discovered that Braden Europe had falsely accused EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems.

27. On information and belief, Braden Europe's false accusations have caused EnergyLink to lose bids for at least one GE project, potentially three other pending bids for GE projects, and one other bid for a Distributed Power Solutions project. GE has informed EnergyLink that, before considering EnergyLink for the three other bids (or any other projects), GE needs written confirmation that the dispute between EnergyLink and Braden Europe has been resolved. Since EnergyLink became aware of Braden Europe's false accusations, at least two other potential customers have gone silent on EnergyLink's pending bids.

## COUNT 1
### Declaratory Judgment of No Trade Secret Misappropriation by EnergyLink
### (Defend Trade Secrets Act, 18 U.S.C. §§ 1831–39 and
### Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code §§ 134A.001–.008)

28. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

29. Braden Europe claims to be the owner of "trade secret, confidential, and/or proprietary information" in the Innova SCR Systems technology. Ex. 1. But none of the alleged information is confidential or proprietary, and thus is not a trade secret for at least this reason.

30. Even if the alleged information were confidential or proprietary, it would not be a trade secret. Braden Europe claims to be the owner of trade secrets in the Innova SCR Systems technology but has refused to articulate what its alleged trade secrets are with any level of particularity, obscuring the identity of its alleged trade secrets, while simultaneously accusing EnergyLink of misappropriating its alleged trade secrets.

7

31. In doing so, Braden Europe has created a real, immediate, substantial, and justiciable controversy between EnergyLink and Braden Europe as to whether Braden Europe's alleged trade secrets are valid, protectable and/or misappropriated, including whether EnergyLink's offering for sale, selling, and supplying of SCR systems constitute trade secret misappropriation under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act. EnergyLink continues to make, sell, offer for sale, and supply SCR systems. EnergyLink faces both irreparable harm in reputation and financial losses from Braden Europe's ongoing allegations that EnergyLink's performance of these activities misappropriates trade secrets.

32. This controversy is amenable to specific relief through a declaration of no enforceable, valid, and protectable trade secrets and no misappropriation, which would clarify the rights and legal relations of the parties concerning their ongoing and future conduct.

33. Braden Europe cannot establish an enforceable, valid, and protectable trade secret misappropriated by EnergyLink for at least the following reasons:

34. **Failure to identify with reasonable particularity.** Braden Europe cannot identify any of its alleged trade secrets with the reasonable particularity required under federal and Texas law.

35. **No property rights in alleged trade secrets.** Braden Europe lacks any property rights in its alleged trade secrets. On information and belief, Braden's alleged trade secrets were owned by Innova, and no rights in these alleged trade secrets were ever assigned, leased, or otherwise conveyed to Braden Europe.

36. **Barred by statute of limitations.** Braden Europe is time-barred from suing for misappropriation of any alleged trade secrets. Under federal and Texas law, a plaintiff must bring any claim for trade secret misappropriation within three years after it discovered or by the exercise

of reasonable diligence should have discovered the misappropriation. 18 U.S.C. § 1836(d); Tex. Civ. Prac. & Rem. Code § 16.010. As a result of the 2019 collaboration between Braden Europe and EnergyLink for the ProEnergy proposal, Braden Europe was fully aware in 2019 of the details of the SCR system that was being proposed by EnergyLink to ProEnergy, which is in all material respects the same SCR system EnergyLink sells today. Representatives of Braden Europe sat in on at least two meetings with EnergyLink and ProEnergy about the proposal during which the technical details of the SCR systems being proposed were discussed. To the extent Braden Europe claims EnergyLink is in possession of or has used any Innova SCR Systems trade secrets to create EnergyLink's SCR, Braden Europe discovered this or should have discovered this in 2019. Yet Braden Europe took no action to enforce those alleged trade secrets until its December 27, 2022 letter, and has yet to bring a claim against EnergyLink asserting such rights. Braden's misappropriation claims are therefore time-barred.

37. **Barred by equitable estoppel.** Braden Europe is equitably estopped from suing for misappropriation of any alleged trade secrets. As a result of the 2019 collaboration between Braden Europe and EnergyLink for the ProEnergy proposal, Braden Europe was fully aware in 2019 of the details of the SCR system that was being proposed by EnergyLink to ProEnergy, which is in all material respects the same SCR system EnergyLink sells today. Representatives of Braden Europe sat in on at least two meetings with EnergyLink and ProEnergy about the proposal during which the technical details of the SCR systems being proposed were discussed. At least in these meetings, and through the collaboration, Braden Europe discovered or should have discovered that EnergyLink's proposed SCR used Braden Europe's alleged trade secrets, if any exist. Yet Braden Europe took no action to enforce those alleged trade secrets, but rather supported EnergyLink's proposal to ProEnergy. EnergyLink relied on Braden Europe's actions and inactions when it

9

continued to pursue SCR business from ProEnergy and other customers, built up its business over three years, and hired dozens of employees. Braden Europe's belated assertion of its alleged trade secret rights has prejudiced and is prejudicing EnergyLink's ability to make, sell, offer for sale, and supply SCR systems. Braden Europe's claims are therefore barred by equitable estoppel.

38. **Barred by laches.** Braden Europe is barred by laches from suing for misappropriation of any alleged trade secrets. For the reasons stated in paragraphs 36 and 37 above, Braden Europe unreasonably delayed in bringing any suit for misappropriation of alleged trade secrets. For the reasons stated in paragraph 37 above, Braden Europe's delay has prejudiced and is prejudicing EnergyLink's ability to make, sell, offer for sale, and supply SCR systems. Braden Europe's claims are therefore barred by laches.

39. If Braden Europe ever identifies an alleged enforceable trade secret, EnergyLink anticipates that Braden Europe's claims will fail for additional reasons. For example, Braden Europe failed to take reasonable efforts to maintain the secrecy of any alleged trade secrets. For another example, any alleged trade secret was generally known or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the alleged trade secret.

40. Because an actual controversy exists as to the purported existence, validity, enforceability, and misappropriation of Braden Europe's alleged trade secrets, EnergyLink is entitled to, and has an immediate need for, a judicial declaration of no misappropriation of any enforceable trade secrets under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act to preserve its rights, defend its good name, and protect its business and business relationships.

## COUNT 2
## Defamation (Texas Law)

41. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

42. Braden Europe's statements to third parties, including to GE, are defamatory under Texas law.

43. In statements to GE, for example, Braden Europe falsely accused EnergyLink of using Braden Europe's alleged intellectual property in EnergyLink's SCR systems. These statements were false because Braden Europe lacks any enforceable property rights in the alleged intellectual property at issue. On information and belief, Braden Europe's alleged intellectual property was owned by Innova and was never assigned, leased, or otherwise conveyed to Braden Europe.

44. Braden Europe's statements to GE were defamatory to EnergyLink. The statements tend to harm the reputation of EnergyLink as to lower EnergyLink in the estimation of the community or to deter third persons from associating or dealing with EnergyLink. Indeed, as a result of Braden Europe's statements, GE did stop associating or dealing with EnergyLink on multiple pending bids. Since Braden Europe made its statements, other potential customers have also stopped associating or dealing with EnergyLink on pending bids.

45. Braden Europe was at fault, or at least negligent, in making its statements to GE. On information and belief, Braden Europe first asked PwC in February 2023 about Braden Europe's alleged property rights (if any) in the intellectual property at issue. Had Braden Europe performed an adequate investigation before making the statements, it would have discovered that it lacked any enforceable property rights in the alleged intellectual property at issue.

46. On information and belief, Braden Europe has made statements to other customers that are similar to the statements it made to GE. On information and belief, these similar statements have caused EnergyLink to lose business opportunities and have caused Braden Europe to win business from EnergyLink's prospective customers.

47. Braden Europe's defamation has caused damages to EnergyLink, at least in the form of lost revenue and lost business opportunities, in an amount to be determined at trial.

## COUNT 3
### Business Disparagement (Texas Law)

48. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

49. Braden Europe's statements to third parties, including to GE, constitute business disparagement under Texas law.

50. In statements to GE, for example, Braden Europe falsely accused EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems. This statement was false because Braden Europe lacks any enforceable property rights in the alleged intellectual property at issue. On information and belief, Braden Europe's alleged intellectual property was owned by Innova and was never assigned, leased, or otherwise conveyed to Braden.

51. Braden Europe acted with malice in making its statements to GE. Braden Europe knew that, or acted with reckless disregard as to whether, the statements were false. On information and belief, Braden Europe first asked PwC in February 2023 about Braden Europe's alleged property rights (if any) in the intellectual property at issue. Had Braden Europe performed an adequate investigation before making the statements, it would have discovered that it lacked any enforceable property rights in the alleged intellectual property at issue.

52. Braden Europe made its statements to GE with the intent to, or the reasonable recognition that it would, cause pecuniary loss to EnergyLink. Braden Europe knew that if it told GE that EnergyLink was using Braden Europe's intellectual property in EnergyLink's SCR systems, then GE would likely stop pursuing business with EnergyLink.

53. Indeed, soon after Braden Europe made the statements, GE stopped pursuing business with EnergyLink. When EnergyLink asked why, GE answered that it was too risky to get involved in a dispute between two vendors. EnergyLink investigated GE's answer and quickly discovered that Braden Europe had falsely accused EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems.

54. On information and belief, Braden Europe has made similar statements to other customers that it made to GE. On information and belief, these similar statements have caused EnergyLink to lose business opportunities and have caused Braden Europe to win business from EnergyLink's prospective customers.

55. Braden Europe's business disparagement has caused damages to EnergyLink, at least in the form of lost revenue and lost business opportunities, in an amount to be determined at trial.

## COUNT 4
### Tortious Interference with Prospective Business Relationship (Texas Law)

56. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

57. Before Braden Europe made its statements to GE, there was a reasonable probability that EnergyLink and GE would have entered into a business relationship whereby EnergyLink would have supplied SCR systems to GE. EnergyLink had recently become a GE

certified vendor and had already supplied 50+ SCR systems in the Houston area for EnergyLink's other customers.

58. Braden Europe intentionally and maliciously intervened in EnergyLink's potential business relationship with GE by making the statements to GE. Braden Europe had a conscious desire to prevent GE from doing business with EnergyLink, or at least knew that its statements were substantially likely to cause GE not to do business with EnergyLink.

59. Braden Europe had no privilege or justification for its actions. Braden Europe knew or should have known that lacked enforceable rights in any of the alleged intellectual property at issue, yet it alleged that it had such rights anyway.

60. Braden Europe's actions caused GE not to enter into a business relationship with EnergyLink and have damaged EnergyLink in an amount to be determined at trial.

## COUNT 5
### Unfair Competition (Texas Law)

61. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

62. Braden Europe's acts of defamation, business disparagement, and tortious interference each have interfered with EnergyLink's ability to conduct its business, at least by causing EnergyLink to lose bids with GE and other customers.

63. Braden Europe's acts of defamation, business disparagement, and tortious interference therefore constitute unfair competition and have damaged EnergyLink in an amount to be determined at trial.

## COUNT 6
## False Advertising
## (Lanham Act, 15 U.S.C. § 1125)

64. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

65. Braden Europe made its statements to GE in interstate commerce.

66. Braden Europe made its statements to GE to advertise or promote Braden's SCR systems.

67. Braden Europe's statements to GE contained a false or misleading description or representation of fact that misrepresented the nature, characteristics, or qualities of EnergyLink's SCR systems. For example, Braden Europe's statements falsely represented to GE that EnergyLink's SCR systems use Braden Europe's alleged intellectual property.

68. On information and belief, Braden Europe's website contains a false statement claiming that Braden Europe owns the intellectual property of Innova.

69. Braden Europe's actions constitute false advertising and have damaged EnergyLink in an amount to be determined at trial.

## COUNT 7
## False Advertising
## (Texas Deceptive Trade Practices-Consumer Protection Act,
## Tex. Bus. & Comm. Code § 17.46)

70. EnergyLink incorporates by reference each of the allegations in paragraphs 1 through 27 above.

71. Braden Europe's statements to GE disparaged the goods, services, or business of EnergyLink by falsely or misleadingly representing the facts about EnergyLink's SCR systems. For example, Braden Europe's statements falsely represented to GE that EnergyLink's SCR systems use Braden's alleged intellectual property.

72. On information and belief, Braden Europe's website contains a false statement claiming that Braden Europe owns the intellectual property of Innova.

73. Braden Europe's actions constitute false advertising and have damaged EnergyLink in an amount to be determined at trial.

**PRAYER FOR RELIEF**

EnergyLink respectfully requests judgment in favor of EnergyLink and against Braden Europe, as follows:

A. Judicial determinations and declarations that:

1. EnergyLink has not misappropriated any confidential and proprietary information belonging to Braden Europe;

2. EnergyLink has not misappropriated any trade secret belonging to Braden Europe under either the Defend Trade Secrets Act or the Texas Uniform Trade Secrets Act;

3. Braden Europe has defamed EnergyLink;

4. Braden Europe has disparaged EnergyLink's business;

5. Braden Europe has tortiously interfered with EnergyLink's prospective business relationship;

6. Braden Europe has unfairly competed with EnergyLink; and

7. Braden Europe has falsely advertised against EnergyLink under the Lanham Act and the Texas Deceptive Trade Practices-Consumer Protection Act.

B. Actual damages, including but not limited to compensatory damages and lost profits;

C. Treble and other punitive damages as allowed by law;

D. Injunctive relief, including but not limited to injunctions (i) against further defamation and business disparagement and (ii) requiring corrective advertising by Braden Europe;

E. Reasonable attorneys' fees and costs incurred in this action as allowed by law, including under 28 U.S.C. § 2201 and Tex. Civ. Prac. & Rem. Code § 38.001; and

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38(b), EnergyLink requests a jury trial of all issues so triable.

Dated: February 17, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

Mark E. Smith

Billy M. Donley, *attorney-in-charge*
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

Kevin W. Kirsch (*pro hac vice* motion forthcoming)
Ohio Bar No. 81996
Andrew E. Samuels (*pro hac vice* motion forthcoming)
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

Attorneys for Plaintiff
EnergyLink Corporation
d/b/a EnergyLink International