**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENERGYLINK CORPORATION
d/b/a ENERGYLINK INTERNATIONAL,

        Plaintiff,


      v.

BRADEN GROUP B.V.
f/k/a INNOVA GLOBAL EUROPE B.V.,

        Defendant.

C.A. No. 4:23-cv-00626


**DEFENDANT BRADEN GROUP B.V.'S RULE 12(B)(1) AND 12(B)(6)
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDING ...................................................... 1

II.    ISSUES TO BE RULED UPON BY THE COURT ................................................ 3

     A.    Dismissal Under Rule 12(b)(1) ............................................................. 3

     B.    Dismissal Under Rule 12(b)(6) ............................................................ 4

III.   SUMMARY OF THE ARGUMENT ...................................................................... 5

IV.   ARGUMENT .......................................................................................................... 6

     A.    EnergyLink's Claim for Declaratory Judgment of No Trade
           Secret Misappropriation Should Be Dismissed for Lack of
           Subject Matter Jurisdiction Under Rule 12(b)(1) ................................. 6

     B.    EnergyLink's Complaint Should Be Dismissed Under Rule
           12(b)(6) for Failure to State a Claim .................................................. 10

          1.    Defamation ................................................................................ 10

          2.    Business Disparagement ........................................................... 11

          3.    Tortious Interference with Prospective Business
               Relationship ............................................................................... 12

               a.    Reasonable probability of a business relationship ....................... 13

               b.    Independently tortious or unlawful act ........................................ 14

               c.    Intent ............................................................................................ 14

          4.    Unfair Competition .................................................................. 15

          5.    False Advertising Under the Lanham Act ............................... 16

               a.    EnergyLink fails to identify the specific
                    statements alleged to be false or misleading ................................ 17

               b.    Braden's alleged statements do not constitute
                    commercial advertising or promotion ......................................... 17

          6.    False Advertising Under the Texas DTPA ............................. 19

                a.    EnergyLink is not a consumer .................................................... 19

i

b.      EnergyLink has failed to allege specific accused
statements ................................................................................ 20

V.      CONCLUSION ...................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*Am. Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc.*,
    820 F. Supp. 1072 (N.D. Ill. 1993) ........................................................................17

*Am. States Ins. Co. v. Bailey*,
    133 F.3d 363 (5th Cir. 1998) ....................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................4, 10, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................4, 15

*Berg v. Symons*,
    393 F. Supp. 2d 525 (S.D. Tex. 2005) ...................................................................17

*BHL Boresight, Inc. v. Geo-Steering Sol'ns, Inc.*,
    No. 15-cv-627, 2016 WL 8648927 (S.D. Tex. Mar. 29, 2016) .......................6, 9, 15

*Braden Group B.V. v. EnergyLink Int'l Inc.*,
    No. 23-cv-630 (S.D. Tex.) .....................................................................................1, 2

*Brittan Commc'ns Int'l Corp. v. Southwestern Bell Tel. Co.*,
    313 F.3d 899 (5th Cir. 2002) ............................................................................19, 20

*Corrosion Prevention Techs. LLC v. Hatle*,
    No. 20-cv-2201, 2020 WL 6202690 (S.D. Tex. Oct. 22, 2020) ..............................13

*Cushman v. GC Servs., LP*,
    657 F. Supp. 2d 834 (S.D. Tex. 2009) ...................................................................19

*Desperado Motor Racing & Motorcycles, Inc. v. Robinson*,
    No. H-09-1574, 2010 WL 2757523 (S.D. Tex. July 13, 2010) ...............................12

*Exxon Mobil Corp. v. Turner Indus. Grp. LLC*,
    339 F. App'x 441 (5th Cir. 2009) .............................................................................3

*Forbes Inc. v. Granada Biosciences, Inc.*,
    124 S.W.3d 167 (Tex. 2003) ...................................................................................11

*Gipson v. Wal-Mart Stores, Inc.*,
    No. H-08-2307, 2008 WL 4844206 (S.D. Tex. Nov. 3, 2008) ................................10

*Greater Houston Transp. Co. v. Uber Techs., Inc.*,
    155 F. Supp. 3d 670 (S.D. Tex. 2015) ...................................................................16

*Huston v. U.S. Bank Nat'l Ass'n*,
No. CV H-10-3702, 2011 WL 13254543 (S.D. Tex. Dec. 14, 2011) ........................................8

*Internet Corporativo S.A. de C.V. v. Business Software Alliance, Inc.*,
No. H-04-2322, 2004 WL 3331843 (S.D. Tex. Nov. 15, 2004) ...............................................11

*Jones v. 24 Hour Fitness USA Inc.*,
No. 19-cv-03238, 2020 WL 1429742 (S.D. Tex. Mar. 19, 2020) ...........................................10

*Kitchener v. T.C. Trailers, Inc.*,
715 F. Supp. 798 (S.D. Tex. 1988) ...............................................................................19, 20

*Licata & Co. v. Goldberg*,
812 F. Supp. 403 (S.D.N.Y. 1993) .........................................................................................18

*Logan v. Burgers Ozark Country Cured Hams, Inc.*,
263 F.3d 447 (5th Cir. 2001) ..................................................................................................16

*M-I LLC v. Stelly*,
733 F. Supp. 2d 759 (S.D. Tex. 2010) ...................................................................12, 13, 14, 15

*Medical Graphics Corp. v. SensorMedics Corp.*,
872 F. Supp. 643 (D. Minn. 1994) .........................................................................................18

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ........................................................................................................6, 7, 9

*MH Sub 1, LLC v. FPK Servs., LLC*,
No. 18-cv-834, 2019 WL 13138139 (W.D. Tex. June 21, 2019) .............................................8

*Murillo v. Allstate Vehicle & Property Ins. Co.*,
No. 18-cv-208, 2018 WL 3862108 (S.D. Tex. Aug. 13, 2018) .........................................19, 20

*Nguyen v. Hoang*,
No. H-17-2060, 2020 WL 12575076 (S.D. Tex. Aug. 10, 2020) ...........................................11

*Orix Credit Alliance, Inc. v. Wolfe*,
212 F.3d 891 (5th Cir. 2000) ..............................................................................................3, 6

*Pizza Hut, Inc. v. Papa John's Int'l*,
227 F.3d 489 (5th Cir. 2000) ..................................................................................................16

*PureShield, Inc. v. Allied BioScience, Inc.*,
No. 20-cv-734, 2021 WL 4492861 (E.D. Tex. Nov. 30, 2021) ...............................................13

*In re Qualcomm*,
No. 17-cv-108, 2017 WL 5985598 (S.D. Cal. Nov. 8, 2017) ....................................................7

*Reed Migraine Ctrs. Of Tex., PLLC v. Chapman*,
  No. 14-cv-1204, 2015 WL 11120872 (N.D. Tex. Sept. 22, 2015) .........................................15

*Seven-Up Co. v. Coca-Cola Co.*,
  86 F.3d 1379 (5th Cir. 1996) ...........................................................................................17, 18

*Stukes v. Nehls*,
  614 F. App'x 792 (5th Cir. 2015) ..........................................................................................10

*Taylor Pub. Co. v. Jostens, Inc.*,
  216 F.3d 465 (5th Cir. 2000) .................................................................................................15

*Teel v. Deloitte & Touche LLP*,
  No. 15-cv-2593, 2015 WL 9478187 (N.D. Tex. Dec. 29, 2015) ...........................................12

*Vantage Trailers, Inc. v. Beall Corp.*,
  567 F.3d 745 (5th Cir. 2009) ...................................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ....................................................1, 3, 5, 6

Federal Rule of Civil Procedure 9(b) ...................................................................................19, 20

EnergyLink Corporation's ("EnergyLink") entire complaint is deficient under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in that it fails to allege a justiciable controversy and fails to provide factual support to state a plausible claim.

## I.   NATURE AND STAGE OF THE PROCEEDING

Braden Group B.V. ("Braden") is a company based in the Netherlands that is in the business of developing, manufacturing, and supplying, in the United States and worldwide, selective catalytic reduction ("SCR") systems and related solutions that help gas turbine systems generate clean power and reduce harmful emissions.  In 2018, several employees of Braden's predecessor-in-interest left the company and formed EnergyLink, a Canadian company that competes with Braden in the SCR system market.  Braden later learned that EnergyLink possesses and has distributed without authorization at least one of Braden's proprietary engineering drawings—a drawing for a component of the critical "Ammonia Injection Grid" system that forms part of a larger SCR system—and given the interdependence of these components in the system, Braden believes it will learn through discovery that EnergyLink possesses and has misused other related drawings.  After an exchange of pre-suit correspondence, both Braden and EnergyLink filed complaints against each other in this District on the same day—February 17, 2023—an apparent coincidence.[1]  *See* Dkt. 1 and Ex. 1, Braden's Complaint from *Braden Group B.V. v. EnergyLink Int'l Inc.*, No. 23-cv-630 (S.D. Tex.).  The core issue in both complaints concerns Braden's intellectual property rights.

---

[1] Braden was not aware that EnergyLink would file a complaint against Braden, much less file in this same District, when Braden filed its own complaint.  The parties do not know which case was first-filed because the ECF system was offline on February 17 and the parties' respective complaints were hand-filed in-person and were not time-stamped.  Although this case has a lower case number than Braden's case, the Clerk's office has explained to counsel that this does not indicate this case was first-filed, as case numbers were not assigned until the following business day and were not based on order of filing.

Braden's complaint in *Braden Group B.V. v. EnergyLink Int'l Inc.*, No. 23-cv-630 (S.D. Tex.) alleges copyright infringement against EnergyLink and seeks declaratory judgments of copyright ownership, no tortious interference with prospective business relations, and no business disparagement. *See* Ex. 1. Meanwhile, EnergyLink in this case asserts seven claims against Braden: declaratory judgment of no trade secret misappropriation by EnergyLink under the Defend Trade Secrets Act and Texas Uniform Trade Secrets Act (Count 1); and six other claims including defamation, business disparagement, tortious interference with prospective business relationship, unfair competition, and false advertising under both the Lanham Act and the Texas Deceptive Trade Practices Consumer Protection Act (DTPA) (Counts 2–7). (*Id.*) Notably, Braden's complaint does not assert claims of trade secret misappropriation. *See* Ex. 1.

EnergyLink's declaratory judgment claim is based on a letter sent by Braden's counsel to EnergyLink on December 27, 2022, which EnergyLink's complaint characterizes as Braden claiming ownership of "property rights in any trade secrets, confidential or proprietary information concerning Innova SCR systems" writ large. (*See* Dkt. 1 at ¶¶ 9, 29–30; Dkt. 1-1.) EnergyLink's declaratory judgment claim, however, does not identify any specifically alleged trade secrets directed to those SCR systems; instead, EnergyLink's complaint states that "Braden Europe claims to be the owner of trade secrets in the Innova SCR Systems technology but has refused to articulate what its alleged trade secrets are with any level of particularity, obscuring the identity of its alleged trade secrets, while simultaneously accusing EnergyLink of misappropriating its alleged trade secrets." (Dkt. 1 at ¶ 30; *see also id.* at ¶ 29.) The sheer breadth of EnergyLink's declaratory judgment claim—applied to "any" trade secret related to SCR systems—does not establish an actual controversy and is unsupported by a particularized and concrete dispute of commensurate scope. It should be dismissed.

EnergyLink's other claims for relief are predicated on unidentified statements allegedly made by Braden to GE and others.  In particular, the complaint alleges that Braden "falsely accused EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems," and that those accusations "caused EnergyLink to lose bids" for projects with GE and Distributed Power Solutions.  (*Id.* at ¶¶ 26–27.)  However, EnergyLink does not identify any specific offending statements or the time, place, speaker, and recipient of those statements.  The complaint also states that "Braden Europe's website contains a false statement claiming that Braden Europe owns the intellectual property of Innova," but fails to point to any specific statement.  (*Id.* at ¶¶ 68, 72.)

## II.     ISSUES TO BE RULED UPON BY THE COURT

### A.     Dismissal Under Rule 12(b)(1)

***Issue 1***:  Whether EnergyLink's claim for declaratory judgment of no trade secret misappropriation (Count 1) should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because there is no actual controversy.  To decide whether to dismiss a declaratory judgment action for lack of subject-matter jurisdiction, district courts must: (1) determine whether the declaratory action is justiciable and (2) resolve whether the court has the authority to grant declaratory relief.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  A declaratory judgment action "must be ripe in order to be justiciable."  *Id.* at 896.  "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists."  *Id.* (citing 28 U.S.C. § 2201(a)).  Even where subject-matter jurisdiction is otherwise established, the court should still consider whether to exercise its discretion to dismiss the action.  *Exxon Mobil Corp. v. Turner Indus. Grp. LLC*, 339 F. App'x 441, 444 (5th Cir. 2009) ("A district court's discretion in choosing whether to hear a declaratory action is broad.") (cleaned up).

**B.    Dismissal Under Rule 12(b)(6)**

EnergyLink's remaining claims should be dismissed for failure to state a claim under Rule 12(b)(6) because they do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

***Issue 2:***   Whether EnergyLink's claim for defamation (Count 2) should be dismissed because EnergyLink failed to plausibly plead an actionable defamatory statement.

***Issue 3:***  Whether EnergyLink's business disparagement (Count 3) should be dismissed because EnergyLink failed to plausibly plead an actionable disparaging statement.

***Issue 4:***  Whether EnergyLink's tortious interference with prospective business relationship claim (Count 4) should be dismissed because EnergyLink failed to plausibly plead a reasonable probability that EnergyLink would have entered into a business relationship with a third party, an independently tortious or unlawful act by Braden that prevented the relationship from occurring, and Braden committed that act with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of its conduct.

***Issue 5:***  Whether EnergyLink's unfair competition claim (Count 5) should be dismissed because EnergyLink failed to plausibly plead a claim for defamation, business disparagement, or tortious interference with prospective business relationship, the torts on which its unfair competition claim is based.

***Issue 6:***  Whether EnergyLink's false advertising claim under the Lanham Act (Count 6) should be dismissed because EnergyLink failed to plausibly plead a false or misleading statement of fact in a commercial advertisement.

***Issue 7:*** Whether EnergyLink's false advertising claim under the DTPA (Count 7) should be dismissed because EnergyLink failed to plausibly plead an actionable statement or that it is a "consumer" for purposes of the DTPA.

## III.    SUMMARY OF THE ARGUMENT

This Court should dismiss each of EnergyLink's claims.   EnergyLink's declaratory judgment claim of no trade secret misappropriation fails because the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  There is no actual controversy that is ripe for adjudication.  EnergyLink's complaint fails to identify any specific trade secrets or acts of misappropriation.  Thus, EnergyLink has failed to show that there is a substantial controversy of sufficient immediacy and reality to warrant the Court's jurisdiction over its declaratory judgment claim.  Moreover, EnergyLink's complaint improperly deprives Braden of its right as the potential intellectual property tort plaintiff and the master of its complaint.   To the extent the Court determines that EnergyLink's claim is ripe, the Court should exercise discretion to decline jurisdiction over EnergyLink's declaratory judgment claim.

EnergyLink's remaining claims fail because, for each of them, EnergyLink has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In particular, EnergyLink does not plausibly allege necessary elements.  ***First***, with respect to each cause of action, EnergyLink has failed to identify a specific allegedly improper statement that resulted in harm to EnergyLink.  ***Second***, as to its claim for tortious interference with a business relationship, EnergyLink has also failed to plausibly allege that it had a reasonable probability of entering into a business relationship with a third party but for Braden's statements and that Braden intended to prevent that business relationship from occurring.  ***Third***, regarding its Lanham Act claim for false advertising, EnergyLink has also failed to plausibly plead that the alleged statements were made in a commercial advertisement or promotion.  ***Lastly***, with respect to its

DTPA claim for false advertising, EnergyLink has failed to plausibly allege that it is a "consumer" with standing to sue under the DTPA.

## IV.     ARGUMENT

### A.     EnergyLink's Claim for Declaratory Judgment of No Trade Secret Misappropriation Should Be Dismissed for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

EnergyLink fails to identify (1) a particular trade secret (or trade secrets) that it claims to have not misappropriated as well as (2) what specific activity (or activities) it intends to engage in that are blocked by Braden's alleged threats.  Indeed, it is difficult to fathom what meaningful relief this Court could grant on EnergyLink's vague and amorphous claims.  EnergyLink's "non-misappropriation" claims on "any" trade secrets related to SCR systems are thus unripe and should be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *Orix*, 212 F.3d at 896; *BHL Boresight, Inc. v. Geo-Steering Sol'ns, Inc.*, No. 15-cv-627, 2016 WL 8648927, at *6 (S.D. Tex. Mar. 29, 2016).  EnergyLink's declaratory judgment claim also deprives Braden of its right as the potential intellectual property tort plaintiff and the master of the complaint.  To the extent the Court determines that EnergyLink's claim is ripe, the Court should exercise discretion to decline jurisdiction over EnergyLink's declaratory judgment claim.

EnergyLink's claim fails because it is not justiciable.  A declaratory judgment action "must be ripe in order to be justiciable" and "is ripe for adjudication only where an 'actual controversy' exists."  *Orix*, 212 F.3d at 896 (citing 28 U.S.C. § 2201(a)); *see also Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("A federal court may not issue a declaratory judgment unless there exists an actual controversy.").  To be an "actual controversy," the dispute must be "definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character."  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  The Supreme Court explained in

*MedImmune* that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. at 127.

Although EnergyLink seeks a declaration that it has not misappropriated "any" Braden trade secrets related to SCR systems, (Dkt. 1 at ¶¶ 1, 40), EnergyLink's complaint does not identify any particular trade secrets or alleged acts of misappropriation that can give rise to an actual trade secret controversy between Braden and EnergyLink sufficient to support EnergyLink's declaratory judgment claim. Notably, EnergyLink admits that "[t]o this day . . . Braden Europe has failed to identify any particular 'trade secret, confidential, and/or proprietary information' at issue." (Dkt. 1 at ¶ 25; *see also id.* at ¶ 30 ("Braden Europe . . . has refused to articulate what its alleged trade secrets are with any level of particularity").)

The breadth of relief EnergyLink seeks—a declaration that EnergyLink has not misappropriated "any" Braden trade secret—is unsupported by a particularized and concrete dispute of commensurate scope. For example, in the analogous context of patent-based declaratory judgment actions, courts have dismissed claims based on unidentified patents because a "lack of specificity in identifying precise infringing patents weighs severely against finding declaratory judgment jurisdiction." *In re Qualcomm*, No. 17-cv-108, 2017 WL 5985598, at *18 (S.D. Cal. Nov. 8, 2017). EnergyLink's claim for declaratory judgment of trade secret "non-misappropriation" must fail for the same reason: the "reach" of the relief requested is "too broad" and does not allege a specific controversy sufficient for declaratory judgment jurisdiction. *Id.*

Similarly, EnergyLink has not identified any specific actions that it wishes to take that are allegedly under a cloud cast by any trade secret or trade secrets. Without alleging such accused

actions, there is nothing to adjudicate.  Although EnergyLink's complaint states that it "continues to make, sell, offer for sale, and supply SCR systems," (Dkt. 1 at ¶ 31), it does not allege that Braden has demanded it stop making and selling SCR systems.[2]  Nor could it, as Braden's letter attached to EnergyLink's Complaint makes no such demand.  (*See* Dkt. 1-1.)  EnergyLink pleads no factual basis upon which to conclude that its ability to make and sell such systems is in jeopardy.

Moreover, EnergyLink's claims are inconsistent with the purpose of the Declaratory Judgment Act.  *See Huston v. U.S. Bank Nat'l Ass'n*, No. CV H-10-3702, 2011 WL 13254543, at *4 (S.D. Tex. Dec. 14, 2011) ("The purpose of the Declaratory Judgment Act is to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish") (citations omitted).  Here, there is no "Damoclean threat of impending litigation" hanging over EnergyLink.  Braden, as the "master of the complaint" (on its intellectual property rights) has already sued EnergyLink in this District.  *MH Sub 1, LLC v. FPK Servs., LLC*, No. 18-cv-834, 2019 WL 13138139, at *6 (W.D. Tex. June 21, 2019).  And Braden sued EnergyLink for copyright infringement, not trade secret misappropriation.  Ex. 1.  Any issues relating to Braden's intellectual property and EnergyLink's activities can and will be resolved in that case.  To permit EnergyLink's trade secret declaratory judgment claims to go forward when Braden opted not to do so (based on the information then available to it) would improperly deprive Braden of its right as a "potential [intellectual property] tort plaintiff" to choose "the nature of the claims asserted." *MH Sub*, 2019 WL 13138139, at *6.

During the meet-and-confer process, EnergyLink insisted that its declaratory judgment claim forces Braden to identify its trade secrets in detail even though Braden has not brought a

---

[2] Braden did request that EnergyLink return or destroy Braden's information and cease from using or disclosing it, but EnergyLink does not allege that this request prevents it from selling SCR systems.

trade secret claim.  But EnergyLink's position creates a nonsensical situation that effectively demands Braden and the Court to make advisory determinations on all of Braden's trade secrets where Braden has not brought its own trade secret case.

This case is analogous to this Court's decision in *BHL Boresight*.  2016 WL 8648927. There, the defendant argued that there was an actual copyright controversy based on a pre-suit letter from the plaintiff threatening legal action for alleged copyright violations based on improper use of plaintiff's software.  *Id.* at *3.  When the plaintiff sued the defendant for its use of the contested software, however, the plaintiff chose to bring claims for trade secret misappropriation, not copyright infringement.  *Id.* at *5 n.4.  Because the plaintiff did not bring a copyright infringement claim in the case, the Court dismissed the defendant's declaratory judgment claim for copyright non-infringement for lack of subject matter jurisdiction.  *Id.* at *6.  As the Court explained, even though there was "some . . . controversy between the parties," it was not clear whether the copyright controversy was "sufficiently immediate and real to render it an 'actual controversy' under the Declaratory Judgment Act."  *Id.* (citation omitted).

The alleged controversy here is even more hypothetical than that in *BHL Boresight*.  As explained above, EnergyLink's complaint has failed to identify any specific trade secrets at issue or any acts it committed that may constitute misappropriation of those unidentified trade secrets. And even though Braden has brought its own lawsuit against EnergyLink, Braden chose not to bring a trade secret claim in that case.  *See* Ex. 1.  Braden should not be forced to litigate EnergyLink's preemptive claims for non-liability based on issues Braden decided not to raise in its own lawsuit.  The Court need not provide advisory opinions regarding "what the law would be upon a hypothetical state of [trade secret] facts."  *BHL Boresight*, 2016 WL 8648927, at *6 (quoting *MedImmune*, 549 U.S. at 127).

**B.** **EnergyLink's Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim**

EnergyLink's other claims (Counts 2–7) are unsupported by sufficient factual matter and fail to state a claim for relief that is facially plausible.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

**1.** **Defamation**

EnergyLink's defamation claim should be dismissed because the complaint fails to sufficiently plead a defamatory statement.  To state a claim for defamation of a non-public figure, a plaintiff must demonstrate that: (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence as to the truth of the statement.  *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, *9 (S.D. Tex. Nov. 3, 2008).  Courts require "more particular pleading" for defamation claims to allow the opposing party to raise the appropriate defenses.  *Jones v. 24 Hour Fitness USA Inc.*, No. 19-cv-03238, 2020 WL 1429742, at *2 (S.D. Tex. Mar. 19, 2020).  The plaintiff must identify "specific defamatory statements." *Stukes v. Nehls*, 614 F. App'x 792, 794 (5th Cir. 2015).  A claim for defamation "must identify the alleged defamatory statement and the speaker," *id.*, and "specifically state the time and place of such statements."  *Gipson*, 2008 WL 4844206, at *9; *Jones*, 2020 WL 1429742, at *2.

EnergyLink does not plausibly plead a specific, actionable statement.  Nowhere in the complaint does EnergyLink allege the speaker, listener, time, place, form, or specific content of the alleged defamatory statements.  Instead, EnergyLink makes only vague allegations that

10

"Braden Europe has been spreading misinformation in the market about EnergyLink's ability to lawfully supply SCR systems," and "Braden Europe had falsely accused EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems."  (Dkt. 1 at ¶¶ 26, 43; *see also id.* at ¶ 4.)  Merely referencing in passing alleged false accusations and misrepresentations by Braden is not sufficient to allege an actionable statement.  *Nguyen v. Hoang*, No. H-17-2060, 2020 WL 12575076, at *3 (S.D. Tex. Aug. 10, 2020).  For example, in *Nguyen*, the plaintiff asserted a defamation claim based on an allegation that the defendant was responsible for insinuating that the plaintiff's actions benefited the Vietnamese communist party.  *Id.*  But the complaint did "not identify a specific statement allegedly made by [the defendant]."  *Id.*  Thus, the Court held that the plaintiff "fail[ed] to sufficiently identify an actionable statement" and dismissed the plaintiff's defamation claims, finding that the allegation "fail[ed] as a matter of law."  *Id.* at *4.  So too here.

## 2.    Business Disparagement

Similar to its defamation claim, EnergyLink's business disparagement claim should be dismissed because the complaint fails to sufficiently plead a disparaging statement.  To survive a motion to dismiss on a business disparagement claim, a plaintiff must allege that: "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff."  *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003).  As with a claim for defamation, the plaintiff must plead specific disparaging statements allegedly made by the defendant.  *Internet Corporativo S.A. de C.V. v. Business Software Alliance, Inc.*, No. H-04-2322, 2004 WL 3331843, at *10 (S.D. Tex. Nov. 15, 2004) ("Any disparaging statement must be specifically pleaded."); *Forbes*, 124 S.W.3d at 170.  .

EnergyLink's business disparagement claim relates to the same alleged statements that form the basis of its defamation claim.  As explained above, EnergyLink's allegations about

Braden's alleged false accusations and misrepresentations are supported by "mere conclusory statements" because the complaint fails to supply exactly what, when, where, to whom, from who, and how the statements were made.  EnergyLink has therefore failed to plausibly plead that Braden made the accused statements, and its business disparagement claim must be dismissed.  *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, No. H-09-1574, 2010 WL 2757523, at *3 (S.D. Tex. July 13, 2010) (dismissing business disparagement claims where plaintiff "failed to plead any facts in support of the publication element of his claims."); *Teel v. Deloitte & Touche LLP*, No. 15-cv-2593, 2015 WL 9478187, at *6 (N.D. Tex. Dec. 29, 2015) (same).

### 3. Tortious Interference with Prospective Business Relationship

EnergyLink's claim for tortious interference with prospective business relationship should be dismissed because the complaint fails to plausibly plead that there was a reasonable probability that EnergyLink would have entered into a business relationship with a third party, that Braden committed an independently tortious or unlawful act, and that Braden committed that act with the intent to prevent the relationship from occurring.  To state a claim for tortious interference with prospective business relationship, a plaintiff must allege that: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.  *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 775 (S.D. Tex. 2010). EnergyLink has failed to plausibly plead each of these five elements.

### a.      Reasonable probability of a business relationship

EnergyLink has not plausibly alleged "a reasonable probability that [it] would have entered into a business relationship with a third party." *Id.*   To sufficiently plead the "reasonable probability" element, a plaintiff must "describe the specifics of a proposed agreement that never came into fruition."   *Corrosion Prevention Techs. LLC v. Hatle*, No. 20-cv-2201, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020).   Merely identifying in vague terms "potential business partners purportedly influenced by a defendant's alleged misconduct" is insufficient.   *PureShield, Inc. v. Allied BioScience, Inc.*, No. 20-cv-734, 2021 WL 4492861, at *3 (E.D. Tex. Nov. 30, 2021).

The *Corrosion Prevention* and *Stelly* decisions from this Court are instructive.   In *Corrosion Prevention*, the defendant counterclaimed for tortious interference with a prospective business relationship, alleging that the plaintiff contacted several of defendants' "vendors and customers" to dissuade them from doing business with defendants.   2020 WL 6202690, at *4.   The defendants even named three specific companies that plaintiff allegedly contacted.   *Id.* Nevertheless, the Court dismissed the counterclaim under Rule 12(b)(6), holding that the defendants had "not alleged any facts showing what business relationship they expected to have with the listed businesses or pointed to a specific contract they allegedly lost because of [the plaintiff's] actions." *Id.* at *5.   Similarly, in *Stelly*, the plaintiff brought a claim for tortious interference with prospective business relations, alleging that it had provided services to a third party in the past and expected to provide those services again in the future for another named project, but instead lost that project to the defendant.   733 F. Supp. 2d at 776.   The court dismissed the claim, finding that the plaintiff failed to plead "a reasonable probability that [the plaintiff] and [the third party] would have entered into a contractual relationship" for the future project.   *Id.*

Here, EnergyLink's allegations fall far short of those found insufficient in *Corrosion Prevention* and *Stelly*.   Even accepting as true EnergyLink's allegation that it had "recently become

13

a GE certified vendor and had already supplied 50+ SCR systems in the Houston area for EnergyLink's other customers," (Dkt. 1 at ¶¶ 26, 57), this statement does not allege a reasonable probability that EnergyLink would have entered into a business relationship with GE for the unspecified potential contracts. Just because EnergyLink may have done business with other vendors in Houston in the past does not mean that GE would grant EnergyLink contracts in the future but for Braden's alleged actions. *See Stelly*, 733 F. Supp. 2d at 776 (allegations that plaintiff had provided tools and services to third party in the past and expected to do the same for future project insufficient to support a reasonable probability of a contractual relationship as to the future project). Similarly, EnergyLink's allegation "*[o]n information and belief*, Braden Europe's false accusations have caused EnergyLink to lose bids for at least one GE project, *potentially* three other pending bids for GE projects, and one other bid for a Distributed Power Solutions project" is likewise speculative and vague. (Dkt. 1 at ¶ 27 (emphasis added).) Nowhere in the remainder of the complaint does EnergyLink provide additional details regarding the specific nature of the prospective agreement with GE that "on information and belief" it supposedly would have entered into, much less the nature of the alleged "potential" business relationships.

### b.     Independently tortious or unlawful act

In addition, EnergyLink has failed to plausibly plead that Braden committed an independently tortious or unlawful act that prevented EnergyLink from entering into a business relationship. As explained above, EnergyLink has not adequately alleged that Braden committed defamation or business disparagement.

### c.     Intent

EnergyLink has also failed to plausibly plead that Braden "either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct." *Stelly*, 733 F. Supp. 2d at 775. To satisfy

this element, a plaintiff must plead that the defendant had "actual knowledge of the prospective contract or business relation," because otherwise, the "interference cannot be intentional."  *BHL*, 2016 WL 8648927, at *11.

As explained above, EnergyLink has not pled that Braden made allegedly defamatory or disparaging statements with a conscious desire to prevent, or with certain knowledge that it would prevent, EnergyLink's specific contractual relationships with GE and Distributed Power Solutions from forming.  *Stelly*, 733 F. Supp. 2d at 776.  EnergyLink's only allegation as to this element that "Braden Europe had a conscious desire to prevent GE from doing business with EnergyLink, or at least knew that its statements were substantially likely to cause GE not to do business with EnergyLink" (Dkt. 1 at ¶ 58), is "conclusory at best."  *Reed Migraine Ctrs. Of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2015 WL 11120872, at *2 (N.D. Tex. Sept. 22, 2015).  EnergyLink has not alleged that Braden was aware of any particular GE contract that EnergyLink was bidding for.  Nor has EnergyLink alleged that Braden expected GE to terminate its discussions with EnergyLink for some unspecified potential contract based on the alleged statements to GE about EnergyLink's potential misconduct.  Thus, GE's complaint fails to provide "more than labels and conclusions" that are insufficient to support its claim for tortious interference with prospective business relationship.  *Twombly*, 550 U.S. at 555.

### 4.    Unfair Competition

EnergyLink's unfair competition claim under Texas law is premised on the same conduct alleged in connection with its claims for defamation, business disparagement, and tortious interference with prospective business relationship and should be dismissed for the same reasons as discussed above with respect to those claims.  (Dkt. 1 at ¶¶ 62–63.)  "Unfair competition under Texas law is the umbrella for all statutory and nonstatutory causes of action arising out of business which is contrary to honest practice in industry or commercial matters."  *Taylor Pub. Co. v.*

15

*Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000).  But a claim for unfair competition cannot stand on its own; rather, liability must be premised on some other independent substantive tort or illegal conduct.  *Greater Houston Transp. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 696 (S.D. Tex. 2015).  EnergyLink's complaint fails to state any "independent substantive tort or other illegal conduct" for the unfair competition claim, and the claim should be dismissed.

### 5.    False Advertising Under the Lanham Act

EnergyLink's false advertising claim under the Lanham Act fails because the complaint does not plausibly allege that Braden made a false or misleading statement in a commercial advertisement.  To make out a *prima facie* case of false advertising under the Lanham Act, a plaintiff must establish five elements: (1) a false or misleading statement of fact about a product in a commercial advertisement; (2) that the statement actually deceived, or has the tendency to deceive a substantial segment of potential consumers; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue.  *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 462 (5th Cir. 2001).  "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim."  *Pizza Hut, Inc. v. Papa John's Int'l*, 227 F.3d 489, 495 (5th Cir. 2000).

EnergyLink's Lanham Act false advertising claim fails because the complaint does not plausibly plead that the accused statements were made in a commercial advertisement or promotion or that Braden made the statements for the purpose of influencing consumers to buy its goods or services.  To qualify as a statement made in the context of commercial advertising or promotion, the statement must be: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) "disseminated sufficiently to the relevant purchasing public

to constitute 'advertising' or 'promotion' within that industry." *Berg v. Symons*, 393 F. Supp. 2d 525, 558 (S.D. Tex. 2005) (citing *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996)).  EnergyLink's false advertising claims are based on two alleged statements: (1) alleged statements made by Braden to GE "falsely accus[ing] EnergyLink of using Braden Europe's intellectual property in EnergyLink's SCR systems"; and (2) alleged statements made "[o]n information and belief," on Braden's website that Braden "owns the intellectual property of Innova."  (Dkt. 1 at ¶¶ 26, 65–67.)  Both are inadequate.

### a.    EnergyLink fails to identify the specific statements alleged to be false or misleading

The complaint fails to identify a single statement allegedly made by Braden to GE where Braden accuses EnergyLink of using Braden's intellectual property.  The complaint refers generically to "false accusations" but does not describe any documents or conversations in which Braden made those accusations.  With respect to the accused statements on Braden's website concerning its ownership of intellectual property, the complaint likewise does not specifically identify any statement at all, much less one that is allegedly false or misleading.  Such general, conclusory allegations that fail to describe what was stated "do not permit the court to infer more than the mere possibility of misconduct" and do not plausibly show that Braden's statements constitute false advertising under the Lanham Act.  *Iqbal*, 556 U.S. at 678.

### b.    Braden's alleged statements do not constitute commercial advertising or promotion

Braden's alleged statements to GE were not disseminated sufficiently to the public to constitute "commercial advertising or promotion."  Isolated statements made to a single recipient, like those alleged here, generally do not suffice.  *See, e.g.*, *Am. Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc.*, 820 F. Supp. 1072, 1078 (N.D. Ill. 1993) (dismissing false advertising claim under the Lanham Act and noting that to permit a "single private correspondence" to

constitute "advertising" or "promotion" would "sweep within the ambit of the Act any disparaging comment made in the context of a commercial transaction."); *Medical Graphics Corp. v. SensorMedics Corp.*, 872 F. Supp. 643, 650 (D. Minn. 1994) ("statements made by a handful of sales representatives to an individual potential customer" were not actionable as "commercial advertising or promotion" where "the potential market for the products at issue is large"); *Licata & Co. v. Goldberg*, 812 F. Supp. 403, 408 (S.D.N.Y. 1993) (stating that the Lanham Act "would be trivialized if it were applied to statements in oral conversations by an individual sales representative to an individual customer"). Moreover, although the "level of circulation required to constitute advertising and promotion will undeniably vary from industry to industry and case to case," *Seven-Up*, 86 F.3d at 1384, the complaint does not plead any facts suggesting that the relevant industry in this case is one in which the potential purchasers in the market are so limited in number that even a single communication to an individual purchaser is enough to trigger liability under the Lanham Act. *Id.* at 1386. Indeed, EnergyLink's complaint acknowledges that the SCR industry includes many potential customers that would make up the relevant purchasing public, such as ProEnergy, GE, Siemens, Mitsubishi, Solar Turbines, Distributed Power Solutions, and others. (Dkt. 1 at ¶¶ 15, 17, 22, 26.) Under these circumstances, Braden's alleged and unspecified statements made to a single customer, GE, do not qualify as actionable "commercial advertising or promotion" under the Lanham Act.

Relatedly, EnergyLink has also failed to plausibly plead that the accused statements were made "for the purpose of influencing consumers to buy Braden's goods and services." *Seven-Up*, 86 F.3d at 1384. Regarding Braden's alleged statements to GE, the complaint does not allege that Braden accused EnergyLink of using its intellectual property to influence GE to buy Braden's goods and services. The complaint similarly fails to allege that Braden made the statements on its

website that it "owns the intellectual property of Innova" in order to influence consumers to buy its goods or services.  For these additional reasons, the EnergyLink has failed to satisfy each element of its false advertising claim under the Lanham Act.

### 6.     False Advertising Under the Texas DTPA

EnergyLink's false advertising claim under the Texas DTPA should be dismissed because the compliant does not plausibly allege that it is a "consumer" for purposes of the DTPA or an actionable statement.  To state a claim under the Texas DTPA, the plaintiff must allege that (1) it is a consumer under the DTPA with respect to its claim against the defendant; (2) the defendant committed a false, misleading, or deceptive act under Section 17.46(b) of the DTPA, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) these acts were the producing cause of the plaintiff's actual damages.  *Brittan Commc'ns Int'l Corp. v. Southwestern Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002).  Claims alleging violations of the DTPA are subject to the heightened pleading requirements of Rule 9(b).  *Murillo v. Allstate Vehicle & Property Ins. Co.*, No. 18-cv-208, 2018 WL 3862108, at *3 (S.D. Tex. Aug. 13, 2018).

### a.     EnergyLink is not a consumer

The DTPA "grants *consumers* a cause of action for false, misleading, or deceptive acts or practices."  *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 842 (S.D. Tex. 2009) (emphasis in original); Tex. Bus. & Com. Code Ann. § 17.50.  "Because standing to sue under the DTPA is predicated on being a consumer, plaintiff's failure to qualify as a consumer will result in the dismissal of her DTPA claim."  *Kitchener v. T.C. Trailers, Inc.*, 715 F. Supp. 798, 799 (S.D. Tex. 1988).  To qualify as a "consumer" under the DTPA, (1) a person must have sought or acquired, goods or services, by purchase or lease; and (2) the goods or services, purchased or leased, must form the basis of the complaint.  *Cushman*, 657 F. Supp. 2d at 842; Tex. Bus. & Com. Code Ann. § 17.45(4) (West).

EnergyLink does not have standing to sue under the DTPA because it is not a "consumer." EnergyLink does not allege, even generally, that it or anyone else "sought or acquired goods or services by purchase or lease" from Braden. *Brittan*, 313 F.3d at 907. EnergyLink does not allege that it has any relationship to a transaction between Braden as a seller of goods or services and any purchaser of those goods or services. *Kitchener*, 715 F. Supp. at 801. And EnergyLink does not allege that any goods or services sold by Braden were defective, or otherwise faulty. *Brittan*, 313 F.3d at 908. Instead, EnergyLink bases its DTPA claim solely on certain alleged unidentified statements by Braden about EnergyLink's SCR systems. (*See* Dkt. 1 at ¶¶ 71–72.) Having failed to point to any transaction in which Braden has sold goods or services to EnergyLink or anyone else who would enjoy the benefits of such a transaction, EnergyLink has failed to allege that it is a "consumer" with standing to sue under the DTPA.

### b.     EnergyLink has failed to allege specific accused statements

As discussed above, EnergyLink has failed to plead the time, place, and specific contents of any allegedly false statements. The complaint plainly does not meet the heightened pleading requirements of Rule 9(b) applicable to DTPA claims. *Murillo*, 2018 WL 3862108, at *3.

## V.     CONCLUSION

For the foregoing reasons, Braden requests that the Court enter the proposed order submitted herewith dismissing EnergyLink's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Dated:  March 14, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ Bailey K. Benedict*

Kevin Su, Attorney-in-Charge (*Pro Hac Vice
forthcoming*)
Massachusetts Bar No. 663726
Adam J. Kessel (*Pro Hac Vice forthcoming*)
Massachusetts Bar No. 661211
Philip K. Chen (*Pro Hac Vice forthcoming*)
Massachusetts Bar No. 703289
One Marina Park Drive
Boston, MA 02210
Tel. (617) 521-7042  Fax. (617) 542-8906
Email: su@fr.com; kessel@fr.com;
pchen@fr.com

Bailey K. Benedict (admitted in the Southern
District of Texas)
Texas Bar No. 24083139
S.D. TX Federal ID No. 1725405
Joshua H. Park (admitted in the Southern
District of Texas)
Texas Bar No. 24121766
S.D. TX Federal ID No. 3653542
909 Fannin St., 21st Floor
Houston, TX 77010
Tel. (713) 654-5399  Fax. (713) 652-0109
Email: benedict@fr.com; jpark@fr.com

Kristen McCallion (*Pro Hac Vice
forthcoming*)
New York Bar No. 4428470
7 Times Square
20th Floor
New York, NY 10036
Tel. (212) 765-5070  Fax. (212) 258-2291
Email: mccallion@fr.com


*Attorneys for Defendant
Braden Group B.V.
f/k/a Innova Global Europe B.V.*

21

**CERTIFICATE OF CONFERENCE UNDER**
**JUDGE HANEN'S RULE OF CIVIL PROCEDURE 7(P)**

Pursuant to Judge Hanen's Rule of Civil Procedure 7(P), the undersigned hereby certifies that Braden notified EnergyLink of the issues asserted in the instant motion via email on March 9, 2023 and telephonic conference on March 10, 2023.  EnergyLink did not offer any amendments to cure its pleading deficiencies, and so the parties were not able to reach agreement on any issue.

*/s/ Bailey K. Benedict*
Bailey K. Benedict

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on **March 14, 2023** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

*/s/ Bailey K. Benedict*
Bailey K. Benedict