# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**FEB 1 7 2023**

Nathan Ochsner, Clerk of Court

BRADEN GROUP B.V. and BRADEN
AMERICAS, INC.

Plaintiff,

v.

ENERGYLINK INTERNATIONAL INC.
and ENERGYLINK CORPORATION
Defendant.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Braden Group B.V. and Braden Americas, Inc. (collectively, "Plaintiffs" or

"Braden"), by and through their attorneys, file this Complaint against Defendants EnergyLink

International Inc. and EnergyLink Corporation ("Defendants" or "EnergyLink") and allege as

follows:

### NATURE OF THE ACTION

1.      This is a case of copyright infringement arising from EnergyLink's reproduction,

distribution, and preparation of derivative works based on Braden's proprietary engineering

drawings (the "Engineering Drawings") concerning innovative selective catalytic reduction

(SCR) systems and related solutions that help gas turbine systems generate clean power and

reduce harmful emissions. The Engineering Drawings include, for example, an engineering

drawing depicting an ammonia injection grid (AIG) orifice pipe spool assembly (the "AIG

Assembly Drawing"). A true and correct copy the AIG Assembly Drawing is attached hereto as

Exhibit A. This is also a case for declaratory judgments arising from EnergyLink and Braden's

dispute concerning the legality and truth of Braden's statements regarding its ownership of the copyrights in the Engineering Drawings, and EnergyLink's misuse of the same.

## THE PARTIES

2.    Plaintiff Braden Group B.V. is a company organized and existing under the laws of the Netherlands, having its principal place of business at Nieuw Eyckholt 290H, 6419 DJ Heerlen, The Netherlands.

3.    Plaintiff Braden Americas, Inc. is a corporation organized and existing under the laws of Florida, having its principal place of business at 801 International Parkway, Suite 5076, Lake Mary, Florida 32746.

4.    Braden is in the business of developing, manufacturing, and supplying, in the United States and worldwide, innovative SCR systems and related solutions that help gas turbine systems generate clean power and reduce emissions of harmful air pollutants, including nitrogen oxide, carbon monoxide, and volatile organic compounds. *See* https://braden.com/about-us/.

5.    On information and belief, Defendant EnergyLink International Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 555 4th Avenue SW, Suite 700, Calgary, Alberta, Canada T2P 3E7.

6.    On information and belief, Defendant EnergyLink Corporation is a corporation organized and existing under the laws of Canada, having its principal place of business at 555 4th Avenue SW, Suite 700, Calgary, Alberta, Canada T2P 3E7.

7.    On information and belief, EnergyLink is also in the business of supplying SCR systems and related solutions in at least the United States. *See* https://energylinkinternational.com/areas-of-focus/catalyst-systems/scr-and-co-catalyst-systems/.

2

## JURISDICTION AND VENUE

8. This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* and for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has original jurisdiction to adjudicate Braden's Copyright Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the other claims asserted herein pursuant to 28 U.S.C. § 1367 because they are so related to the claims in this action for which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(c)(3). As set forth above, upon information and belief, neither EnergyLink International Inc. nor EnergyLink Corporation is a resident in the United States. EnergyLink International Inc. and EnergyLink Corporation are therefore subject to suit in any judicial district, including in this District.

10. This Court has personal jurisdiction over EnergyLink International Inc. because, on information and belief, it regularly conducts business in this District and therefore has continuous and systematic contacts within this District.

11. For example, the EnergyLink website states: "As a partner of choice for one of the leading power plant suppliers in the US, EnergyLink has been selected to provide Simple Cycle Catalyst Systems for 8 GE LM 6000 Gas Turbines to support the provision of electricity to the Texas grid during critical peak periods. The project is due for completion in early 2022." https://energylinkinternational.com/2022/01/16/another-8-scr-systems-underway/.

12. In addition, on information and belief, EnergyLink makes and supplies SCR systems to its customer PROENERGY, which uses those SCR systems in power plants in this District operated by its subsidiary, WattBridge Energy, LLC. *See* https://www.wattbridge.info/portfolio/;

3

https://www.proenergyservices.com/News/PROENERGY-AWARDED-288-MW-MARK-ONE-PROJECT-PROJECT/.

13.     Alternatively, to the extent that Texas or any other state does not have general jurisdiction over EnergyLink International Inc., and because Braden's claim arises out of federal law, this Court has personal jurisdiction over EnergyLink International Inc. pursuant to Fed. R. Civ. P. 4(k)(2) because it has purposefully availed itself of the privilege of conducting activities in the United States as a whole and/or because it has purposefully directed its activities toward the United States.

14.     On information and belief, EnergyLink International Inc. has transacted business with vendors, customers, and/or potential customers throughout the United States, including in this District.

15.     For example, the EnergyLink website states that EnergyLink has "delivered more than 30 SCR systems throughout North America in 2020 and 2021." https://energylinkinternational.com/2021/12/01/scrs-there-are-those-who-say-it-can-be-done-and-those-who-actually-do-it/.

16.     The exercise of personal jurisdiction by this Court over EnergyLink International Inc. is both reasonable and fair, and comports with due process.

17.     This Court has personal jurisdiction over EnergyLink Corporation because, on information and belief, it regularly conducts business in this District and therefore has continuous and systematic contacts within this District.

18.     For example, the EnergyLink website states: "As a partner of choice for one of the leading power plant suppliers in the US, EnergyLink has been selected to provide Simple Cycle Catalyst Systems for 8 GE LM 6000 Gas Turbines to support the provision of electricity to

the Texas grid during critical peak periods. The project is due for completion in early 2022."
https://energylinkinternational.com/2022/01/16/another-8-scr-systems-underway/.

19. In addition, on information and belief, EnergyLink makes and supplies SCR systems to its customer PROENERGY, which uses those SCR systems in power plants in this District operated by its subsidiary, WattBridge Energy, LLC. *See*

https://www.wattbridge.info/portfolio/;

https://www.proenergyservices.com/News/PROENERGY-AWARDED-288-MW-MARK-ONE-PROJECT-PROJECT/.

20. Alternatively, to the extent that Texas or any other state does not have general jurisdiction over EnergyLink Corporation, and because Braden's claim arises out of federal law, this Court has personal jurisdiction over EnergyLink Corporation pursuant to Fed. R. Civ. P. 4(k)(2) because it has purposefully availed itself of the privilege of conducting activities in the United States as a whole and/or because it has purposefully directed its activities toward the United States.

21. On information and belief, EnergyLink Corporation has transacted business with vendors, customers, and/or potential customers throughout the United States, including in this District.

22. For example, the EnergyLink website states that EnergyLink has "delivered more than 30 SCR systems throughout North America in 2020 and 2021."

https://energylinkinternational.com/2021/12/01/scrs-there-are-those-who-say-it-can-be-done-and-those-who-actually-do-it/.

23. The exercise of personal jurisdiction by this Court over EnergyLink Corporation is both reasonable and fair, and comports with due process.

## FACTS

24.     Braden and its predecessor-in-interest, formerly known as Innova Global Ltd. ("Innova"), is in the business of developing, manufacturing, and supplying SCR systems and related solutions that help gas turbine systems in the United States generate clean power and reduce emissions of harmful air pollutants, including nitrogen oxide, carbon monoxide, and volatile organic compounds.

25.     Braden owns all right, title and interest, including copyright, in the Engineering Drawings, including but not limited to the AIG Assembly Drawing. An excerpt of the AIG Assembly Drawing is shown below:



26.     The AIG Assembly Drawing is registered with the U.S. Copyright Office as a work titled "AIG ORIFICE PIPE SPOOL ASSEMBLY."

27.     In or around 2018, former employees of Innova departed Innova and formed EnergyLink, a company that, like Braden, supplies SCR systems to gas turbine operators in the United States.

28.     On information and belief, EnergyLink's employees intentionally and unlawfully took from Innova copies of the Engineering Drawings, including but not limited to the AIG

6

Assembly Drawing, and EnergyLink has improperly reproduced, distributed, and prepared derivative works based upon the Engineering Drawings.

29.    For example, EnergyLink distributed, without authorization, a copy of the AIG Assembly Drawing to a manufacturing vendor in the United States, AUS Manufacturing Company, in or around February 2020, in connection with EnergyLink's request for a quote related to the manufacturing of SCR system components. *See* Exhibits B–C. Braden learned that EnergyLink possessed and distributed, without authorization, the copy of the AIG Assembly Drawing no earlier than February 18, 2020. *See* Exhibits B–C.

30.    On December 27, 2022, Braden notified EnergyLink that Braden owns certain intellectual property assets, including the Engineering Drawings and intellectual property concerning the Engineering Drawings; that Braden is aware that EnergyLink has in its possession the Engineering Drawings; and that employees of EnergyLink have used and/or disclosed the Engineering Drawings without authorization. *See* Exhibit D. Braden also demanded that EnergyLink cease and desist from using or disclosing the Engineering Drawings. *See id.*

31.    On January 12, 2023, EnergyLink sent a letter to Braden in response to Braden's letter of December 27, 2022. *See* Exhibit E. In its letter, EnergyLink alleged that Braden has made statements that are "unsubstantiated, false and misleading and are clearly designed to unlawfully discredit EnergyLink and/or its goods and services," that such statements "are causing irreparable damage to EnergyLink," that "at least one customer has already advised that as a result of the statements made by Braden, it cannot continue to do business with EnergyLink until the matter is resolved and has removed EnergyLink from an ongoing bidding process wherein EnergyLink was the frontrunner." *Id.* EnergyLink further claimed that Braden does not

7

own the "title to any intellectual property assets or rights" in the Engineering Drawings. *Id.*
EnergyLink also threatened to "initiate action" against Braden as well as "advise the industry" of
Braden's alleged misconduct based on those statements unless Braden complied with certain
demands for information and undertakings by January 19, 2023. *Id.*

32.     On January 18, 2023, Braden responded to EnergyLink via email, confirming
receipt of EnergyLink's January 12, 2023 letter. *See* Exhibit F. Braden stated that it was
considering the statements and demands contained in EnergyLink's January 12, 2023 letter and
explained that "EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden
to respond . . . along with EnergyLink's threats of immediate legal action . . . are unreasonable
and not conducive to resolving the dispute between the parties, given the substantial rights at
issue." *Id.*

33.     Later that same day, EnergyLink responded to Braden via email, again alleging
that Braden's "false and misleading statements are causing immediate and irreparable damage"
to EnergyLink and its business, for which Braden "will be held accountable." *See* Exhibit G.
EnergyLink also threatened to "initiat[e] legal proceedings when it deems appropriate." *Id.*

34.     On January 23, 2023, EnergyLink emailed Braden regarding its January 12, 2023
letter and January 18, 2023 email. *See* Exhibit H. In its email, EnergyLink again alleged that
Braden's "unsubstantiated, false and misleading statements are causing irreparable damage" to
EnergyLink and that it "cannot allow this irreparable harm to continue." EnergyLink further
threatened that unless Braden "provides the information and undertakings requested" in
EnergyLink's January 12, 2023 letter by no later than end of the day January 26, 2023,
EnergyLink "will be taking steps in an effort to mitigate the irreparable damage that [Braden's
alleged] misstatements are causing in the marketplace," including by sending a letter to

8

customers who EnergyLink believes have received the alleged statements from Braden stating, among other things, that Braden's statements about EnergyLink's use of Braden's intellectual property assets are "unsubstantiated," and that EnergyLink's SCR systems and its drawings therefore have been created and developed internally at EnergyLink without any use of any engineer drawings and/or other 'intellectual property assets' of Braden. *See id.*

35.     On January 26, 2023, Braden emailed EnergyLink in response to its January 12, 2023 letter and January 18 and 23, 2023 emails. *See* Exhibit I. Braden noted that "EnergyLink has now demanded three times over the course of less than two weeks for an essentially immediate response under the threat of imminent legal action" and that EnergyLink's "approach is unreasonable and counterproductive to an amicable resolution to the dispute at hand." *Id.* Braden further explained that nowhere in its correspondence to date "does EnergyLink specifically deny it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue," and that "Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design." *Id.*

36.     Despite further exchange of correspondence, Braden and EnergyLink did not resolve their disputes. *See* Exhibit J.

## COUNT I
## Copyright Infringement, 17 U.S.C. § 501 *et seq.*

37.     Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

38.     Braden is the sole and exclusive copyright owner of the Engineering Drawings, including but not limited to the AIG Assembly Drawing, which is registered with the U.S. Copyright Office.

9

39.     EnergyLink has directly infringed Braden's copyrights in the Engineering
Drawings at least by reproducing and distributing copies of, and/or preparing derivative works
based on, the Engineering Drawings, including but not limited to, the AIG Assembly Drawing.

40.     For example, EnergyLink reproduced and distributed a copy of the AIG Assembly
Drawing to a manufacturing vendor, AUS Manufacturing Company, in the United States in or
around February 2020, in connection with EnergyLink's request for a quote related to the
manufacturing of SCR system components.

41.     EnergyLink's infringement was and continues to be willful and intentional.

42.     EnergyLink will continue to infringe Braden's copyrights in the Engineering
Drawings, including but not limited to the AIG Assembly Drawing, causing irreparable harm to
Braden for which there is no adequate remedy at law, unless enjoined by this Court.
EnergyLink's infringement has caused and continues to cause irreparable harm to Braden in the
form of loss of business opportunities, lost sales, loss of market share, loss of goodwill, and the
loss of Braden's exclusive rights to reproduce its copyrighted works, distribute copies of its
copyrighted works, and prepare derivative works based on its copyrighted works. Braden is
entitled to injunctive relief as well as the recovery of damages from EnergyLink in an amount to
be determined at trial.

43.     EnergyLink has realized unjust profits, gains, and advantages from its
infringement and Braden is entitled to recover from such gains, profits, and advantages in an
amount to be determined at trial.

## COUNT II
## Declaratory Judgment of Copyright Ownership

44.     Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

10

45.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

46.     Braden has acquired copyrights in the Engineering Drawings, including but not limited to the AIG Assembly Drawing, and is the sole and exclusive copyright owner in the Engineering Drawings, including but not limited to the AIG Assembly Drawing.

47.     Braden has not transferred or assigned its copyrights in the Engineering Drawings, including but not limited to the AIG Assembly Drawing.

48.     EnergyLink has claimed, at least in its January 12, 2023 letter to Braden, that Braden does not own the "title to any intellectual property assets or rights" in the Engineering Drawings, including but not limited to the AIG Assembly Drawing. *See* Exhibit E.

49.     As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

50.     A judicial declaration that Braden is the owner of the copyright in the Engineering Drawings, including but not limited to the AIG Assembly Drawing, is necessary to resolve the real, immediate, and justiciable controversy concerning these issues and to determine the respective rights of the parties.

### COUNT III
### Declaratory Judgment of No Tortious Interference with Prospective Business Relations

51.     Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

52.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53.     In correspondence to Braden in January 2023, EnergyLink threatened to "initiate action" against Braden based on certain statements allegedly made by Braden, including alleged statements that (i) Braden owns intellectual property transferred from Innova, such as the Engineering Drawings, and (ii) EnergyLink has misused Braden's confidential information and/or intellectual property assets. *See* Exhibits E, G. Braden's statements allegedly resulted in damage to EnergyLink, including allegedly causing a customer to advise EnergyLink that it cannot continue to do business with EnergyLink as a result of Braden's statements. *See* Exhibits E, G.

54.     As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

55.     Braden is entitled to a judicial declaration that any statements that Braden owns all rights in and to the Engineering Drawings and that EnergyLink has misused Braden's Engineering Drawings do not constitute tortious interference with EnergyLink's prospective business relations.

## COUNT IV
### Declaratory Judgment of No Business Disparagement

56.     Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

57.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58.     In correspondence to Braden in January 2023, EnergyLink threatened to "initiate action" against Braden based on certain statements allegedly made by Braden, including alleged statements that (i) Braden owns intellectual property transferred from Innova, such as the

12

Engineering Drawings, and (ii) EnergyLink has misused Braden's confidential information and/or intellectual property assets. *See* Exhibits E, G. Braden's statements allegedly resulted in damage to EnergyLink, including allegedly by causing a customer to advise EnergyLink that it cannot continue to do business with EnergyLink as a result of Braden's statements. *See* Exhibits E, G.

59.     As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

60.     Braden is entitled to a judicial declaration that it did not disparage EnergyLink's business by making statements to customers and/or potential customers that Braden owns all rights in and to the Engineering Drawings and that EnergyLink has misused Braden's Engineering Drawings.

## PRAYER FOR RELIEF

WHEREFORE, Braden respectfully requests that the following relief:

(a)     judgment in Braden's favor and against EnergyLink on all causes of action alleged herein;

(b)     judgment declaring that Braden owns all copyrights, in and to the Engineering Drawings, including but not limited to the AIG Assembly Drawing;

(c)     judgment declaring that EnergyLink has infringed Braden's copyright in the Engineering Drawings, including but not limited to the AIG Assembly Drawing;

(d)     an order permanently enjoining EnergyLink, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or

13

participation with them, from further infringement of the copyrights in and to the Engineering Drawings, pursuant to 17 U.S.C. § 502;

(e)     an order to recall, impound and destroy all infringing copies made, used or distributed by EnergyLink in violation of Braden's exclusive rights in and to the Engineering Drawings (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503;

(f)     judgment declaring that Braden has not engaged in tortious interference with EnergyLink's prospective business relations;

(g)     judgment declaring that Braden has not engaged in business disparagement of EnergyLink;

(h)     an accounting of all of EnergyLink's profits derived from its infringing activity;

(i)     actual damages and any additional profits attributable to EnergyLink's copyright infringement in an amount to be determined at trial, plus interest, pursuant to 17 U.S.C. § 504;

(j)     recovery of Braden's costs associated with this action;

(k)     an award of exemplary and punitive damages to Braden to the extent permitted by law; and

(l)     such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Braden demands a trial by jury trial on all issues so triable.

Dated: February 17, 2023

FISH & RICHARDSON P.C.

By: */s/ Bailey K. Benedict*

Kevin Su, Attorney-in-Charge (*Pro Hac Vice forthcoming*)
Massachusetts Bar No. 663726
Adam J. Kessel (*Pro Hac Vice forthcoming*)
Massachusetts Bar No. 661211
Philip K. Chen (*Pro Hac Vice forthcoming*)
Massachusetts Bar No. 703289
One Marina Park Drive
Boston, MA 02210
Tel. (617) 521-7042 Fax. (617) 542-8906
Email: su@fr.com; kessel@fr.com;
pchen@fr.com

Bailey K. Benedict (admitted in the Southern District of Texas)
Texas Bar No. 24083139
S.D. TX Federal ID No. 1725405
901 Fannin St., 21st Floor
Houston, TX 77010
Tel. (713) 654-5399 Fax. (713) 652-0109
Email: benedict@fr.com

Kristen McCallion (*Pro Hac Vice forthcoming*)
New York Bar No. 4428470
7 Times Square
20th Floor
New York, NY 10036
Tel. (212) 765-5070 Fax. (212) 258-2291
Email: mccallion@fr.com

*Attorneys for Plaintiffs*
*Braden Europe B.V. and Braden Americas, Inc.*

# EXHIBIT A

**NOTES:**

1. DESIGN CONDITIONS:
   TEMPERATURE: 500°
   PRESSURE: 5 PSIG
   CORROSION ALLOWANCE: 0.011"
   CODE: ASME B31.1 – 2014 POWER PIPING

2. ALL PIPE WELDING SHALL BE IN ACCORDANCE WITH ANSI B31.1-2014 POWER PIPING
3. ALL WELDS ARE WELD JOINTS. WELDING FILLET WELDS SHALL CONFORM TO PIPE BOILER AND PRESSURE VESSEL CODE.
4. ALL WELDS SHALL BE INSPECTED AND TESTED IN ACCORDANCE WITH ASME B31.1-2014 POWER PIPING.
5. BUTT WELDS TO HAVE FULL PENETRATION 100% OF PIPE.
6. ALL WELD BRANCH CONNECTIONS 100% VT OR MT
7. ALL DYE-PENETRANT EXAMINATION AT 100% OF WELD BRANCH CONNECTIONS WHEN REQUIRED. SURFACE EXAMINATION (PT/MT) IS ACCEPTABLE AND WHEN USED, SHALL BE PERFORMED AT THE EDGES OF DISC/GAP OF THE WELD.
8. THICKNESS OF EACH VT OR MT BY METHODS AND ALL ACCESSIBLE FINAL WELD SURFACES.
9. ALL FILLET AND SEAL WELDS REQUIRE 100% PT OR MT INSPECTION.
10. ALL WELDS: 100% VISUAL EXAMINATION
11. ALL ELBOWS TO CONFORM TO B16.9
12. HYDROSTATIC TEST IN P SIG(O). IF REQUIRED, THE WATER SHALL BE HIGH ENOUGH WITH A CHLORIDE CONTENT LIMITED TO 50 PPM AND TEMPERATURE SHALL BE 50°F TO 120°C AIR-LOST (30°C).
13. INSIDE ALL ANNEALIS COPPER TUBING DETERMINE (2) THRU-GOAT CLEANED AND MASS OF DENTS AND YIELD
   DETTEROCRACK PRIOR ALL DIAMONDS TO FOLLOW OSHA BUILD SPEC/INFORMATION.
14. INTERNAL VALVES ARE SHOWN WITH INITIAL TOLERANCE VALVE(O).

DESIGN: PLACES 0.X = ±0.1 TOLERANCES APPLIED
   X.XX = ±0.03
   X.XXX = ±0.010

FRACTIONAL AND ANGULAR VALUES ARE SHOWN WITH FRACTIONAL OR ANGULAR TOLERANCE VALUE:

FRACTIONS = ±1/16

ANGLES = ±1°

14. ALL FLANGE BOLTS STRADDLE CENTER LINE
15. STRUCTURAL DESIGN ARE FOR REFERENCE ONLY.
16. WELD OTHERS. TIE DIMENSIONS ARE FLANGE TO FLANGE ESTIMATE.
17. ALL LINEAR DIMENSION TOLERANCE IS ±1/16".

ALL ANGULAR DIMENSION TOLERANCE IS ±1°.
18. TAG GAP PASSAGE FOR SHIPMENT
19. ESTIMATED TOTAL WEIGHT IN LBS: 539

**ISO VIEW**

THIRD ANGLE PROJECTION

DO NOT SCALE DRAWING

| ITEM | QTY | PART No. | TITLE | DRAWING | WEIGHT OF | DESCRIPTION | MATERIAL | THICKNESS | WIDTH | LENGTH |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 10699-CS3413-01 | INLET PIPING | Yes | 1/2" X 0.035" WALL | | 304 SS | | | 3.0/3.9 FT. |
| 2 | 1 | 10699-CS3413-01 | INSTRUMENT T-TUBING | No | (1) 04 5/8 KIT | | 304 SS | | | 12 3/8 FT. |
| 3 | 1 | 10699-CS3413-21 | DANGER KHYBER GROUND SUPPORT | No | 3/4" | | 304 SS | | | |
| 16 | 2 | PART 5031 | FLAT WASHER | | 3/4 SS | | ASTM A194 GRADE 8M | | | |
| 5 | 2 | 4NUT0504 VAMP | HEX NUT | | 3/4-16 UNC - 2B | | 304 SS | | 3/4 IN. | |
| 6 | 8 | 1NUT5504 | HEX NUT | | 3/4 × SQUARE | | 304 SS | | | |
| 7 | 1 | CAPLW1130-08 | PERCENTILE LCR WORK HIDING GASKET | No | 4" X/N 8 #20 | | 304 SS | | | |
| | | | INTO WELD ARM FLOR REPAIR MATERIAL | Yes | | | | | | |
| 8 | 1 | SCH40M1130-02 | ORIFICE FLANGE PLATE | Yes | 4" N/N #180 | | 304 SS | | 3/8 in. | |
| 9 | 2 | SCH40M1130-02 | INLET FLG | | 1/4" NPT FEMALE SCR 9 L-D-2 | | 304 SS | | | |
| 10 | 2 | SCH40M1130-02 | INLET FLG | | 1/2 × 1/4" UNC - 1 1/4" LG | | ASTM A131 Gr. B8 | | | |
| 11 | 1 | SCH40M1130-02 | PIPE NIPPLE STAINLESS 55-18-50 - 50C | | 1/2" SCH 40 X 4" LG | | 316 SS | | | |
| 12 | 1 | SCH-16531 | 4" XS PIPE | Yes | WEICH 0X 3" LG | | | | | |
| 13 | 1 | SCH-M6404-01 | FEMALE ELBOW | | 3/4 WELCH 90-618-8-1/2" OD TUBE | | Generic | | | |
| 14 | 2 | SCH-M16-02 | | | X 1/2" FEMALE NPT | | | | | |
| 15 | 1 | SCH-M5031 | WINGGEM TUBE FITTING 85-5GG-1-1 | Yes | 1/2" NPT OD × 1/4" MALE NPT | | 316 SS | | | |
| | | | LOCKING LEVER | | 9 VALVE MANIFOLD 3 ET GAUGE | | | | | |



innova

**AIG ORIFICE PIPE SPOOL**

**ASSEMBLY**

DRAWING No. 10699-CS3413

REV: A

SHEET 1 OF 2

SECTION A-A
GAUGE/MANIFOLD
SUPPORT DETAIL

VIEW B-B

AIG ORIFICE PIPE SPOOL
ASSEMBLY

10699-CS3413

# EXHIBIT B

| From: | Jimmy Rich <jimmy@ausmanufacturing.com> |
|-------|------------------------------------------|
| Sent: | Tuesday, February 18, 2020 2:20 PM |
| To: | Bob McGinty |
| Subject: | FW: EnergyLink New Piping Arrangement |
| Attachments: | 19011-CS1-3072_0.pdf; 19011-CS1-3070_0.pdf; 19011-CS1-3071_0.pdf; BUSA 52409 External Ammonia Piping - Drawing Package_ 5.pdf |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Next email with drawings.....

Best Regards,

Jimmy Rich
President
PCI/AUS Manufacturing Company
704 W. Hwy 90
Bonifay, Florida 32425
P: 850-547-1660
F: 850-547-1216
C: 850-415-0300
Email: jimmy@ausmanufacturing.com
Web: http://www.ausmanufacturing.com



Manufacturing Company

**From:** Colin Bannon [mailto:Colin.Bannon@energylinkcorp.com]
**Sent:** Friday, February 7, 2020 2:36 PM
**To:** Jimmy Rich <jimmy@ausmanufacturing.com>; 'Kathy Revels' <kathy@ausmanufacturing.com>
**Subject:** RE: EnergyLink New Piping Arrangement

Jim,
The quantities are shown in the detail drawings. Please list all exclusions.

Also, you did express an interest in the ammonia skids. We don't have the time or resources to design a new EnergyLink skid for this project so we are going back to the original supplier for the 2017 project. Maybe in the near future we will get our own unit designed.

Colin Bannon
Colin.Bannon@EnergyLinkCorp.com

1

**www.EnergyLinkCorp.com**

**From:** Jimmy Rich <jimmy@ausmanufacturing.com>
**Sent:** Friday, February 7, 2020 2:10 PM
**To:** Colin Bannon <Colin.Bannon@energylinkcorp.com>; 'Kathy Revels' <kathy@ausmanufacturing.com>
**Cc:** Jeff Wirt <jeff.wirt@energylinkcorp.com>; Jim Johnson <jim.johnson@energylinkcorp.com>; Ken Thompson <ken.thompson@energylinkcorp.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

Colin,

Yes.... I can requote.......pretty much a necessity if you've changed the picture. I would have been spinning my wheels to a degree to just be looking at the original cut in half.....and trying to adjust..........correct? Please send the latest revision ASAP.

Best Regards,

Jimmy Rich
President
PCI/AUS Manufacturing Company
704 W. Hwy 90
Bonifay, Florida 32425
P: 850-547-1660
F: 850-547-1216
C: 850-415-0300
Email: jimmy@ausmanufacturing.com
Web: http://www.ausmanufacturing.com



Manufacturing Company

**From:** Colin Bannon [mailto:Colin.Bannon@energylinkcorp.com]
**Sent:** Friday, February 7, 2020 12:30 PM
**To:** Jimmy Rich <jimmy@ausmanufacturing.com>; 'Kathy Revels' <kathy@ausmanufacturing.com>
**Cc:** Jeff Wirt <jeff.wirt@energylinkcorp.com>; Jim Johnson <jim.johnson@energylinkcorp.com>; Ken Thompson <ken.thompson@energylinkcorp.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

The project team is working on the schedule.
Do you have time and resources to quote? There have been changes to the original design you quoted. It's a smaller pipe arrangement and the cost we carried is lower than your last quote.
I can send the new drawings.

Colin Bannon
Colin.Bannon@EnergyLinkCorp.com

2

**www.EnergyLinkCorp.com**

**From:** Jimmy Rich <jimmy@ausmanufacturing.com>
**Sent:** Friday, February 7, 2020 1:20 PM
**To:** Colin Bannon <Colin.Bannon@energylinkcorp.com>; 'Kathy Revels' <kathy@ausmanufacturing.com>
**Cc:** Jeff Wirt <jeff.wirt@energylinkcorp.com>; Jim Johnson <jim.johnson@energylinkcorp.com>; Ken Thompson <ken.thompson@energylinkcorp.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

Colin,

Coming from the job standpoint.........what type of lead time do we have?.........I'm hoping what I've suggested will work.

Best Regards,

Jimmy Rich
President
PCI/AUS Manufacturing Company
704 W. Hwy 90
Bonifay, Florida 32425
P: 850-547-1660
F: 850-547-1216
C: 850-415-0300
Email: jimmy@ausmanufacturing.com
Web: http://www.ausmanufacturing.com



Manufacturing Company

**From:** Jimmy Rich [mailto:jimmy@ausmanufacturing.com]
**Sent:** Wednesday, February 5, 2020 3:15 PM
**To:** 'Colin Bannon' <Colin.Bannon@energylinkcorp.com>; 'Kathy Revels' <kathy@ausmanufacturing.com>
**Cc:** 'Jeff Wirt' <jeff.wirt@energylinkcorp.com>; 'Jim Johnson' <jim.johnson@energylinkcorp.com>; 'Ken Thompson' <ken.thompson@energylinkcorp.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

Colin,

Sorry.........On the question of lead time.....and looking at only 6 units now.....we can come in close to 6-8 weeks max. ...... the funding logistics will play an important role.....to get the materials here.

Best Regards,

Jimmy Rich
President

PCI/AUS Manufacturing Company
704 W. Hwy 90
Bonifay, Florida 32425
P: 850-547-1660
F: 850-547-1216
C: 850-415-0300
Email: jimmy@ausmanufacturing.com
Web: http://www.ausmanufacturing.com



Manufacturing Company

**From:** Colin Bannon [mailto:Colin.Bannon@energylinkcorp.com]
**Sent:** Wednesday, February 5, 2020 11:29 AM
**To:** Jimmy Rich <jimmy@ausmanufacturing.com>; Kathy Revels <kathy@ausmanufacturing.com>
**Cc:** Jeff Wirt <jeff.wirt@energylinkcorp.com>; Jim Johnson <jim.johnson@energylinkcorp.com>; Ken Thompson <ken.thompson@energylinkcorp.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

Good afternoon Jimmy,

Since we last spoke, we have been awarded one of the projects you quoted for us below.
We have a very tight delivery requirement for 6 units. The quantities quoted below are for 12. Therefore, please divide the quantities in half.

What is your turnaround time for 6 units? We are prepared to issue a purchase order by the end of next week.

Regards,
Colin Bannon
Colin.Bannon@EnergyLinkCorp.com

**www.EnergyLinkCorp.com**

**From:** Jimmy Rich <jimmy@ausmanufacturing.com>
**Sent:** Thursday, July 25, 2019 11:10 AM
**To:** 'Colin Bannon' <Colin.Bannon@energylinkcorp.com>
**Cc:** 'Jeff Wirt' <jeff.wirt@energylinkcorp.com>; 'Jim Johnson' <jim.johnson@energylinkcorp.com>; 'Ken Thompson' <ken.thompson@energylinkcorp.com>; Kathy Revels <kathy@ausmanufacturing.com>
**Subject:** RE: New RFQ from Energy Link Corp.---------- Revised Quote --------

Colin,

We first appreciate the opportunity to quote. We've done allot of complete SCR packages......starting from mixing and pump skids prior to the piping.....to any brackets and plate required to mount to the exhaust duct. We'll be happy to look at any of this other than the piping. On Skids....if you drop ship all the major purchase items....we'll bring it together with the structural, piping and even electrical.

4

I've made the allowance for 1 less on the Lances and associated piping and taken any efficiency gains into consideration. The original quote was 2 units and there's already multiples or repeats in the design of these piping packages. I've copied, pasted and edited quantities from previous quote below:

12 pcs.......12" Vertical Header per 10699-CS3401
12 pcs.......10" Spool per 10699-CS3421
12 pcs.......10" Spool per 10699-CS3422
108 pcs......4"- 90 deg. Spool per 10699-CS3412.........AUS supply material & Labor for all the above.
108 pcs.....4" Orifice Spool per 10699-CS3413......AUS supply Flange & Pipe for rigid end and labor to finish spools 100%
Item #3 Gauge Support and Orifice Plate #8 (we laser both)
Item #2 & #11 Tube & Nipple

Total........................\$73,873.00 per unit............ (total.....\$886,476.00)

FOB......Bonifay, FL..........Palletized for shipment (we'll shoot for 4 loads max – tarped)

Delivery: inside 5 mo. requirement

Energy Link supply: Flex w/flange Item 12
Orifice Flange w/hardware & gaskets Items 10,4,5,6, & 7
Swagelok tube & fittings Items 13 & 14
Item 15 - 3 Valve Manifold & DP Gauge

Terms: With increase in size of project we can break up to 25% @ award of PO.......25% progress pay 3 months after start......25% @ delivery.....net 30 on final 25%.........all negotiable to a degree.

In honestly .......job is easy...straight forward......largest subject gets to being all the financing being in place.....we'll need the usual credit references and info to get Energy Link established in our customer base. Kathy Revels kathy@ausmanufacturing.com is our office that will help us get started from here.........thanks again.

Best Regards,

Jimmy Rich
President
PCI/AUS Manufacturing Company
704 W. Hwy 90
Bonifay, Florida 32425
P: 850-547-1660
F: 850-547-1216
C: 850-415-0300
Email: jimmy@ausmanufacturing.com
Web: http://www.ausmanufacturing.com



Manufacturing Company

**From:** Colin Bannon [mailto:Colin.Bannon@energylinkcorp.com]
**Sent:** Thursday, July 18, 2019 11:30 AM
**To:** Jimmy Rich <jimmy@ausmanufacturing.com>
**Cc:** Jeff Wirt <jeff.wirt@energylinkcorp.com>; Jim Johnson <jim.johnson@energylinkcorp.com>; Ken Thompson <ken.thompson@energylinkcorp.com>
**Subject:** New RFQ from Energy Link Corp.

Good afternoon Jimmy,

You may remember me from Innova Global Inc. Unfortunately, Innova Global has closed its operations and a group of former employees are now with Energy Link Corp.

You quoted some ammonia process piping for Innova Global on November 16, 2018. **(See attached file)**

Energy Link has secured an order for 12 SCR Exhaust units. We anticipate releasing purchase orders within the next 3-4 weeks.

Please check your Inbox for the drawing package I sent last November. We urgently need updated pricing for 12 units to be ready to ship within a 5-month period.
Each component of a system should be quoted including the efficiency gains of doing the same component 12 times.

PS. I've attached the GA drawing for your reference, however there are no dimensions for the pipe. Energy Link will supply any items excluded in your quote.

Please reply by Wednesday July 24, 2019.

Thank you,
Colin Bannon
Estimating & Proposals



# EXHIBIT C



ISO VIEW

SPOOL ASSEMBLY
QTY: 9 per system
Shipping crate and packaging required.

# EXHIBIT D



Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210-1878

617 542 5070 main
617 542 8906 fax

**VIA FEDERAL EXPRESS**

Kevin Su
Principal
su@fr.com
+1 617 521 7827 direct

December 27, 2022

Harold A. Wong
President & CEO
EnergyLink International
Suite 700
555 4ᵗʰ Avenue SW
Calgary, Alberta, Canada
T2P 3E7

Dear Mr. Wong:

My firm represents Braden Group B.V. f/k/a Innova Global Europe B.V. (the "Company"), the successor-in-interest to your former employer, Innova Global Ltd., and rightful owner of certain intellectual property assets, including trade secret, confidential, and/or proprietary information previously owned by Innova Global Ltd. It has come to the attention of the Company that your company, EnergyLink International ("You" or "Your") has in its possession trade secret, confidential, and/or proprietary information belonging to the Company, including but not limited to certain engineering drawings depicting aspects of the Company's selective catalytic reduction (SCR) systems ("Company Information"), and that Your employees have used and/or disclosed Company Information in the United States without authorization.

Federal and state law strictly prohibit Your use or disclosure of any trade secret, confidential and/or proprietary business information for Your own personal benefit or for the benefit of any third party at any time in any actual or prospective transaction with any third party in the United States. Any conversion or improper use of such information exposes You, and potentially any third party to which You disclosed such information, to potential claims for misappropriation of trade secrets, breach of contract, unfair competition, breach of the fiduciary duty of loyalty, and tortious interference with prospective economic advantage, among others.

The Company demands that You immediately return any tangible or intangible Company Information (in whatever manner or medium maintained, whether originals or copies) to my attention and otherwise destroy remaining copies of such Company Information. The Company additionally demands that You cease and desist using or disclosing any Company Information, including any information derived from Company Information, and claiming that You own any Company Information.


**FISH** ♆
FISH & RICHARDSON

Mr. Harold A. Wong
December 27, 2022
Page 2

Thank you in advance for your prompt attention to this matter. Should you or your counsel wish
to discuss this further, please contact me at 617-521-7827.

Sincerely,

Kevin Su

# EXHIBIT E

# **Stikeman Elliott**

**Stikeman Elliott LLP**
Barristers & Solicitors
Suite 1600
50 O'Connor Street
Ottawa, ON Canada K1P 6L2

Main: 613 234 4555
Fax: 613 230 8877
www.stikeman.com

Kevin Graham
Direct: (613) 564-3471
Email: kgraham@stikeman.com

January 12, 2023
Our File No.: 150479-1002

**WITHOUT PREJUDICE – PRIVILEGED
AND CONFIDENTIAL**

Kevin Su, Principal
Fish & Richardson P.C.
One Marine Park Drive
Boston, MA
02210-1878

**BY EMAIL**
(su@fr.com)

Dear Mr. Su:

### **Re: Unsubstantiated Allegations of Misuse of Intellectual Property by EnergyLink International and False and Misleading Statements being made by Braden Group B.V.**

We are Intellectual Property counsel to EnergyLink International ("**EnergyLink**").

We are writing in response to your letter dated December 27, 2022, directed to Mr. Harold Wong of EnergyLink containing unsubstantiated allegations regarding misuse of "intellectual property assets" of Braden Group B.V. f/k/a/ Innova Global Europe B.V. ("**Braden**"), in particular "certain engineering drawings" depicting aspects of the selective catalytic reduction ("**SCR**") systems of Innova Global Ltd. ("**Innova**").

We have reviewed the allegations in your letter with our client and EnergyLink is not aware of any use being made of engineering drawings relating to SCR systems or other "intellectual property assets" that could be purportedly owned by Innova and/or Braden. As such, EnergyLink adamantly denies the allegations in your letter.

We also note that your letter contains nothing more than unsubstantiated bald allegations without evidentiary support. To the extent that your client has any evidence in support of these allegations, we invite you to provide it to us, in particular any evidence directed to:

(i)     EnergyLink having misused any engineering drawings relating to SCR systems and/or any other purported "intellectual property assets" previously owned by Innova and purportedly sold to Braden; and

(ii)    title in any of the engineering drawings and/or other purported "intellectual property assets" referenced in paragraph (i) above having been lawfully transferred from Innova to Braden.

With respect to paragraph (i) above, we note that the SCR systems of Innova have been publicly distributed and sold without any obligations of confidence and as such, the design thereof is within the public knowledge and cannot constitute confidential "intellectual property assets" of Innova (or Braden).

As for paragraph (ii), based upon discussions with informed sources involved with the bankruptcy process for Innova, our client understands that ownership of various IP alleged to be owned by Innova had been contested by one or more OEMs and that a "major issue" preventing any sale of Innova's IP was that Innova didn't actually own a lot of the IP it thought it did. Our client understands that only copies of files were sold by Innova to Braden, not title to any intellectual property assets or rights.

# Stikeman Elliott

Finally, but most importantly, it has come to our client's attention that Braden is making statements in the turbine industry, including to customers and/or potential customers, that EnergyLink has misused Braden's confidential information and/or intellectual property assets.  As set out above, all such statements are unsubstantiated, false and misleading and are clearly designed to unlawfully discredit EnergyLink and/or its goods and services.

The foregoing statements are causing irreparable damage to EnergyLink, not only in terms of its goodwill and reputation but the statements are also resulting in lost sales to EnergyLink.  Indeed, at least one customer has already advised that as a result of the statements made by Braden, it cannot continue to do business with EnergyLink until the matter is resolved and has removed EnergyLink from an ongoing bidding process wherein EnergyLink was the frontrunner.

Given that your client has been aware of EnergyLink's SCR systems for several years, the timing of your client's allegations and statements are highly suspect and appear to be an intentional and malicious attempt to disrupt our client's business and ongoing customer relationships.  As your client will appreciate, these client relationships are developed over a period of years, which makes your client's conduct a significant concern given the potential to reverse years of hard work by EnergyLink and the substantial financial loss that will result.

In view of the foregoing, our client has no choice but to require your client to:

(i)     immediately and permanently cease and desist from making statements to any third party, including but not limited to customers and/or potential customers of EnergyLink, asserting that EnergyLink (or any associated or affiliated person or entity) has misused any engineering drawings and/or other intellectual property assets of Innova/Braden;

(ii)    undertake not to engage in the future in any of the activities referenced in paragraph (i) above;

(iii)   provide a complete list of all entities and/or individuals to whom statements of the type referenced in paragraph (i) have been made and, if any such statements were made in writing, produce a copy thereof; and

(iv)    send each of the entities and/or individuals referenced in paragraph (iii) above a written retraction of the statements previously made and produce a copy of each written retraction.

Given the serious nature of your client's conduct, and the irreparable and substantial damage (financial and reputational) already sustained by EnergyLink, and that will continue to be sustained by EnergyLink, our client has no choice but to require your client's compliance with the foregoing as soon as possible, but in any event by no later than the one week from the date of this letter, namely by **January 19, 2023**.  In the event that your client refuses to comply with each of the demands set forth herein including the retraction of its statements on or before the aforesaid deadline, then our client will have no choice but to initiate action against your client as well as advise the industry of your client's misconduct.

Notwithstanding the aforesaid, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Yours very truly,

Kevin Graham

# EXHIBIT F

**From:** Kevin Su
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham; Jonathan Auerbach; Craig Story
**Cc:** Philip Chen
**Subject:** Re: EnergyLink's January 12, 2023 letter

Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention). Braden is considering the statements and demands made therein, and we will respond in due course. EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin

Kevin K. Su :: Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

1

# EXHIBIT G

| | |
|---|---|
| **From:** | Kevin Graham <KGraham@stikeman.com> |
| **Sent:** | Wednesday, January 18, 2023 12:19 PM |
| **To:** | Kevin Su |
| **Cc:** | Philip Chen; Jonathan Auerbach; Craig Story |
| **Subject:** | RE: EnergyLink's January 12, 2023 letter |

[This email originated outside of F&R.]

**Without Prejudice**

Dear Mr. Su

Receipt of your email below is acknowledged.

While we agree that it is in the best interest of the parties to try to resolve this matter amicably, we disagree that our request for a response by the end of the day tomorrow is unreasonable given the circumstances. As referenced in our letter of January 12, 2023, your client's false and misleading statements are causing immediate and irreparable damage to our client and its business, for which your client will be held accountable.

We also note that your email below also does not even suggest when we can expect to receive a substantive response from your client. As such, our client has no assurance that your client is addressing this matter in a timely manner or is even interested in trying to resolve the dispute.

As such, we encourage your client to provide a response as soon as possible. In the interim, our client reserves any and all legal rights and remedies available to it, including initiating legal proceedings when it deems appropriate.

Best regards,
Kevin

**Kevin Graham**

Direct: +1 613 564 3471
Email: kgraham@stikeman.com

**From:** Kevin Su <Su@fr.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham <KGraham@stikeman.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>
**Subject:** Re: EnergyLink's January 12, 2023 letter

Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention). Braden is considering the statements and demands made therein, and we will respond in due course. EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin


**Kevin K. Su ::** Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

*********************************************************************************************
*****************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
*********************************************************************************************
*****************************

## Stikema

*Follow us:* LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP**   Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON  K1P 6L2 Canada

This email is confiden la! and may contain privileged information. If you are not an intended recipient, please delete this email and
notify us immediately. Any unauthorized use or disclosure is prohibited.

2

# EXHIBIT H

| From: | Kevin Graham <KGraham@stikeman.com> |
|---|---|
| Sent: | Monday, January 23, 2023 11:56 AM |
| To: | Kevin Su |
| Cc: | Philip Chen; Jonathan Auerbach; Craig Story |
| Subject: | RE: EnergyLink's January 12, 2023 letter |
| Attachments: | EnergyLink Letter to Customers Re Braden Mistatements.pdf |

[This email originated outside of F&R.]

**Without Prejudice**

Dear Mr. Su

I am writing further to our letter of January 12 and our exchange of emails on January 18.

Notwithstanding our request for a response to our above-noted letter by the end of the day **January 19**, we have yet to receive a substantive response from you or your client.

As mentioned in our above-noted correspondence, your client's unsubstantiated, false and misleading statements are causing irreparable damage to our client. While our client believes it is in the parties' best interest to try to resolve this matter amicably, your client has failed to address (or even expressed an intention to address) these matters in a timely fashion.

Our client cannot allow this irreparable harm to continue. As such, unless your client provides the information and undertakings requested in our above-noted letter (including but not limited to any evidence that your client may have in support of the allegations that it is the owner of any of the engineering drawings and/or other purported "intellectual property assets" previously owned by Innova and that EnergyLink has misused same) by no later than the end of the day **Thursday, January 26**, our client will have no choice but to conclude that your client is not interested in attempting to resolve this matter amicably and will be taking steps in an effort to mitigate the irreparable damage that your client's misstatements are causing in the marketplace, including sending the attached letter to customers who our client understands have received the unsubstantiated statements from Braden.

As previously referenced, notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

**From:** Kevin Graham
**Sent:** Wednesday, January 18, 2023 12:19 PM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

**Without Prejudice**

Dear Mr. Su

Receipt of your email below is acknowledged.

While we agree that it is in the best interest of the parties to try to resolve this matter amicably, we disagree that our request for a response by the end of the day tomorrow is unreasonable given the circumstances. As referenced in our letter of January 12, 2023, your client's false and misleading statements are causing immediate and irreparable damage to our client and its business, for which your client will be held accountable.

We also note that your email below also does not even suggest when we can expect to receive a substantive response from your client. As such, our client has no assurance that your client is addressing this matter in a timely manner or is even interested in trying to resolve the dispute.

As such, we encourage your client to provide a response as soon as possible. In the interim, our client reserves any and all legal rights and remedies available to it, including initiating legal proceedings when it deems appropriate.

Best regards,
Kevin

**Kevin Graham**

Direct:  +1 613 564 3471
Email:   kgraham@stikeman.com

**From:** Kevin Su <Su@fr.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham <KGraham@stikeman.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>
**Subject:** Re: EnergyLink's January 12, 2023 letter

Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention). Braden is considering the statements and demands made therein, and we will respond in due course. EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin

**Kevin K. Su ::** Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

*************************************************************************************************
*************************

# Stikema

*Follow us:* LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP** Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and notify us immediately. Any unauthorized use or disclosure is prohibited.

# EXHIBIT I

| | |
|---|---|
| **From:** | Kevin Su |
| **Sent:** | Thursday, January 26, 2023 10:34 AM |
| **To:** | Kevin Graham |
| **Cc:** | Philip Chen; Jonathan Auerbach; Craig Story |
| **Subject:** | RE: EnergyLink's January 12, 2023 letter |

Dear Kevin:

I write in response to your letter of January 12, 2023 and emails of January 18 and 23, 2023.

EnergyLink's continued unilateral deadlines are not well-taken. It has been just short of a month since my initial December 27, 2022 cease and desist letter to EnergyLink, and any suggestion that my client is "not interested in attempting to resolve this matter amicably" or that we have "failed to address ... these matters in a timely fashion" is simply incorrect. Instead, EnergyLink has now demanded three times over the course of less than two weeks for an essentially immediate response under the threat of imminent legal action. This approach is unreasonable and counterproductive to an amicable resolution to the dispute at hand.

I note that nowhere in your correspondence to me does EnergyLink specifically deny that it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue. Further, your January 12, 2023 letter appears to acknowledge EnergyLink's use of engineering drawings, yet fails to deny that such drawings were taken from Innova or derived from Innova material. Nor does EnergyLink deny that its SCR systems incorporate the designs illustrated in those drawings and that it competes with Braden for sales of these systems. As a non-limiting example, Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design.

Rather, EnergyLink has only raised concerns that Braden does not "own" the intellectual property at issue. We dispute this statement, and further note that it is curious that your letter implies that EnergyLink and/or Mr. Wong purport to have reliable, much less credible, knowledge about the transfer of assets from Innova to Braden. As you must know, Mr. Wong was terminated from Innova prior to the asset transfer.

The balance of your January 12, 2023 letter, as well as your January 18 and 23, 2023 emails, improperly attempts to divert attention from EnergyLink's unauthorized acts to allegations against Braden. However, EnergyLink's statements as to certain unspecified statements Braden has allegedly made to others are, at best, vague and ambiguous and do not provide sufficient detail to allow Braden to fully and fairly investigate EnergyLink's claims. At present, we must conclude that your statements do not accurately characterize interactions between Braden and its customers and/or potential customers, much less the actions of EnergyLink, as well as the interactions between EnergyLink and its customers and/or potential customers, which are more properly at issue in my original letter. However, as best as we can understand your letter and emails, our view is that statements in the marketplace that Braden owns intellectual property transferred from Innova are true and unremarkable – as are statements, by corollary, that EnergyLink does not own the same intellectual property and should therefore refrain from using it.

Best regards,
Kevin


**Kevin K. Su** :: Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

---

**From:** Kevin Graham <KGraham@stikeman.com>
**Sent:** Monday, January 23, 2023 11:56 AM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

[This email originated outside of F&R.]

### Without Prejudice

Dear Mr. Su

I am writing further to our letter of January 12 and our exchange of emails on January 18.

Notwithstanding our request for a response to our above-noted letter by the end of the day **January 19**, we have yet to receive a substantive response from you or your client.

As mentioned in our above-noted correspondence, your client's unsubstantiated, false and misleading statements are causing irreparable damage to our client. While our client believes it is in the parties' best interest to try to resolve this matter amicably, your client has failed to address (or even expressed an intention to address) these matters in a timely fashion.

Our client cannot allow this irreparable harm to continue. As such, unless your client provides the information and undertakings requested in our above-noted letter (including but not limited to any evidence that your client may have in support of the allegations that it is the owner of any of the engineering drawings and/or other purported "intellectual property assets" previously owned by Innova and that EnergyLink has misused same) by no later than the end of the day **Thursday, January 26**, our client will have no choice but to conclude that your client is not interested in attempting to resolve this matter amicably and will be taking steps in an effort to mitigate the irreparable damage that your client's misstatements are causing in the marketplace, including sending the attached letter to customers who our client understands have received the unsubstantiated statements from Braden.

As previously referenced, notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

**From:** Kevin Graham
**Sent:** Wednesday, January 18, 2023 12:19 PM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

### Without Prejudice

Dear Mr. Su

Receipt of your email below is acknowledged.

While we agree that it is in the best interest of the parties to try to resolve this matter amicably, we disagree that our request for a response by the end of the day tomorrow is unreasonable given the circumstances. As referenced in our letter of January 12, 2023, your client's false and misleading statements are causing immediate and irreparable damage to our client and its business, for which your client will be held accountable.

We also note that your email below also does not even suggest when we can expect to receive a substantive response from your client. As such, our client has no assurance that your client is addressing this matter in a timely manner or is even interested in trying to resolve the dispute.

As such, we encourage your client to provide a response as soon as possible. In the interim, our client reserves any and all legal rights and remedies available to it, including initiating legal proceedings when it deems appropriate.

Best regards,
Kevin

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

**From:** Kevin Su <Su@fr.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham <KGraham@stikeman.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>
**Subject:** Re: EnergyLink's January 12, 2023 letter


Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention). Braden is considering the statements and demands made therein, and we will respond in due course. EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin


**Kevin K. Su** :: Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

*************************************************************************************************************
*************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
*************************************************************************************************************
*************************

# Stikeman

Follow us: LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP** Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and notify us immediately. Any unauthorized use or disclosure is prohibited.

# EXHIBIT J

| From: | Kevin Graham <KGraham@stikeman.com> |
|-------|-------------------------------------|
| Sent: | Thursday, January 26, 2023 3:21 PM |
| To: | Kevin Su |
| Cc: | Philip Chen; Jonathan Auerbach; Craig Story |
| Subject: | RE: EnergyLink's January 12, 2023 letter |

**Without Prejudice**

Dear Mr. Su

We are in receipt of your email below.

The deadlines set out in our previous correspondence have been dictated by the conduct of your client and the damages our client is suffering as a result. Had your client proceeded reasonably by simply forwarding your December 27, 2022 cease and desist letter and awaiting our client's response, we would not be in this position. However, your client chose to start making unsubstantiated aspersions in the market which are damaging our client on a daily basis.

It is also disingenuous for you to suggest that:

(i) "nowhere in your correspondence to me does EnergyLink specifically deny that it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue. Further, your January 12, 2023 letter appears to acknowledge EnergyLink's use of engineering drawings, yet fails to deny that such drawings were taken from Innova or derived from Innova material. Nor does EnergyLink deny that its SCR systems incorporate the designs illustrated in those drawings …"; and

(ii) "EnergyLink has only raised concerns that Braden does not "own" the intellectual property at issue".

Indeed, our letter of January 12 expressly states:

"We have reviewed the allegations in your letter with our client and EnergyLink is not aware of any use being made of engineering drawings relating to SCR systems or other "intellectual property assets" that could be purportedly owned by Innova and/or Braden. *As such, EnergyLink adamantly denies the allegations in your letter*". [Emphasis added]

To the extent that there is still any uncertainty, our client expressly denies that it has made any use of engineering drawings relating to SCR systems or other "intellectual property assets" that could be purportedly owned by Innova and/or Braden. This is the reason that we requested evidence of your client's allegations of misuse.

We also note that your response does not include any of the requested evidence of misuse but rather baldly asserts that "Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design". Your client's belief does not constitute evidence. In addition, we would have expected that your client would have assembled such evidence prior to forwarding a cease and desist letter and definitely prior to making allegations of misuse to customers/potential customers in the market. As such, the evidence should be readily accessible for your client to provide.

With respect to your client's purported ownership of "intellectual property", as clearly set out in our letter of January 26, that information was received from "informed sources involved with the bankruptcy process for Innova", not from Mr. Wong as your email suggests. In any event, that information was provided to explain why our client was requesting evidence that title in any of the engineering drawings and/or other purported "intellectual property assets" alleged to have been misused were lawfully transferred from Innova to Braden. Again, we would assume that this evidence should be readily available given the assertions in your cease and desist letter and the statements your client is making in the market. Yet again, your client has failed to present that evidence.

Overall, your email has done nothing to advance these discussions, in particular in view of the disingenuous characterizations of our previous correspondence and, more importantly, your client's failure to present any evidence in support of its allegations and/or to take steps to remedy the misleading statements made in the market. In this regard, if your client's statements were only that "Braden owns intellectual property transferred from Innova" as you assert, there

would have been no reason for a customer to have advised EnergyLink that it cannot continue to do business with EnergyLink until the matter is resolved. Clearly assertions of misconduct by EnergyLink must have been made.

In view of the foregoing as well as the ongoing damage being suffered by our client in the market, our client has no choice but to commence forwarding the letter to customers/potential customers attached to our email of January 23 unless and until your client presents evidence in support of its allegations and/or take steps to remedy its misstatements.

Notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

**From:** Kevin Su <Su@fr.com>
**Sent:** Thursday, January 26, 2023 10:34 AM
**To:** Kevin Graham <KGraham@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

Dear Kevin:

I write in response to your letter of January 12, 2023 and emails of January 18 and 23, 2023.

EnergyLink's continued unilateral deadlines are not well-taken. It has been just short of a month since my initial December 27, 2022 cease and desist letter to EnergyLink, and any suggestion that my client is "not interested in attempting to resolve this matter amicably" or that we have "failed to address ... these matters in a timely fashion" is simply incorrect. Instead, EnergyLink has now demanded three times over the course of less than two weeks for an essentially immediate response under the threat of imminent legal action. This approach is unreasonable and counterproductive to an amicable resolution to the dispute at hand.

I note that nowhere in your correspondence to me does EnergyLink specifically deny that it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue. Further, your January 12, 2023 letter appears to acknowledge EnergyLink's use of engineering drawings, yet fails to deny that such drawings were taken from Innova or derived from Innova material. Nor does EnergyLink deny that its SCR systems incorporate the designs illustrated in those drawings and that it competes with Braden for sales of these systems. As a non-limiting example, Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design.

Rather, EnergyLink has only raised concerns that Braden does not "own" the intellectual property at issue. We dispute this statement, and further note that it is curious that your letter implies that EnergyLink and/or Mr. Wong purport to have reliable, much less credible, knowledge about the transfer of assets from Innova to Braden. As you must know, Mr. Wong was terminated from Innova prior to the asset transfer.

The balance of your January 12, 2023 letter, as well as your January 18 and 23, 2023 emails, improperly attempts to divert attention from EnergyLink's unauthorized acts to allegations against Braden. However, EnergyLink's statements as to certain unspecified statements Braden has allegedly made to others are, at best, vague and ambiguous and do not provide sufficient detail to allow Braden to fully and fairly investigate EnergyLink's claims. At present, we must conclude

2

that your statements do not accurately characterize interactions between Braden and its customers and/or potential customers, much less the actions of EnergyLink, as well as the interactions between EnergyLink and its customers and/or potential customers, which are more properly at issue in my original letter. However, as best as we can understand your letter and emails, our view is that statements in the marketplace that Braden owns intellectual property transferred from Innova are true and unremarkable – as are statements, by corollary, that EnergyLink does not own the same intellectual property and should therefore refrain from using it.

Best regards,
Kevin

**Kevin K. Su** :: Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

**From:** Kevin Graham <KGraham@stikeman.com>
**Sent:** Monday, January 23, 2023 11:56 AM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

[This email originated outside of F&R.]

**Without Prejudice**

Dear Mr. Su

I am writing further to our letter of January 12 and our exchange of emails on January 18.

Notwithstanding our request for a response to our above-noted letter by the end of the day **January 19**, we have yet to receive a substantive response from you or your client.

As mentioned in our above-noted correspondence, your client's unsubstantiated, false and misleading statements are causing irreparable damage to our client. While our client believes it is in the parties' best interest to try to resolve this matter amicably, your client has failed to address (or even expressed an intention to address) these matters in a timely fashion.

Our client cannot allow this irreparable harm to continue. As such, unless your client provides the information and undertakings requested in our above-noted letter (including but not limited to any evidence that your client may have in support of the allegations that it is the owner of any of the engineering drawings and/or other purported "intellectual property assets" previously owned by Innova and that EnergyLink has misused same) by no later than the end of the day **Thursday, January 26**, our client will have no choice but to conclude that your client is not interested in attempting to resolve this matter amicably and will be taking steps in an effort to mitigate the irreparable damage that your client's misstatements are causing in the marketplace, including sending the attached letter to customers who our client understands have received the unsubstantiated statements from Braden.

As previously referenced, notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

3

**Kevin Graham**

Direct: +1 613 564 3471
Email: kgraham@stikeman.com

**From:** Kevin Graham
**Sent:** Wednesday, January 18, 2023 12:19 PM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

**Without Prejudice**

Dear Mr. Su

Receipt of your email below is acknowledged.

While we agree that it is in the best interest of the parties to try to resolve this matter amicably, we disagree that our request for a response by the end of the day tomorrow is unreasonable given the circumstances. As referenced in our letter of January 12, 2023, your client's false and misleading statements are causing immediate and irreparable damage to our client and its business, for which your client will be held accountable.

We also note that your email below also does not even suggest when we can expect to receive a substantive response from your client. As such, our client has no assurance that your client is addressing this matter in a timely manner or is even interested in trying to resolve the dispute.

As such, we encourage your client to provide a response as soon as possible. In the interim, our client reserves any and all legal rights and remedies available to it, including initiating legal proceedings when it deems appropriate.

Best regards,
Kevin

**Kevin Graham**

Direct: +1 613 564 3471
Email: kgraham@stikeman.com

**From:** Kevin Su <Su@fr.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham <KGraham@stikeman.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>
**Subject:** Re: EnergyLink's January 12, 2023 letter

Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention). Braden is considering the statements and demands made therein, and we will respond in due course. EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin

**Kevin K. Su** :: Principal :: Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct :: 617 542 5070 main :: 617 542 8906 fax

********************************************************************************************************
*************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
********************************************************************************************************
*************************

## Stikeman

*Follow us:* LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP**   Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON  K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and
notify us immediately. Any unauthorized use or disclosure is prohibited.

********************************************************************************************************
***********************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
********************************************************************************************************
***********************

## Stikeman

*Follow us.* LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP**   Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON  K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and
notify us immediately. Any unauthorized use or disclosure is prohibited.