## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ENERGYLINK CORPORATION d/b/a** | § | **Civil Action No. 4:23-cv-00626** |
| **ENERGYLINK INTERNATIONAL** | § | |
| Plaintiff | § | |
| | § | **Judge Andrew S. Hanen** |
| v. | § | |
| | § | |
| **BRADEN GROUP BV f/k/a** | § | |
| **INNOVA GLOBAL EUROPE BV** | § | |
| Defendant | § | |
| | § | |
| | § | |
| | § | |
| **BRADEN GROUP B.V.** | § | **Civil Action No. 4:23-cv-00630** |
| **and BRADEN AMERICAS, INC.** | § | |
| Plaintiffs | § | |
| | § | **Judge Keith P. Ellison** |
| v. | § | |
| | § | |
| **ENERGYLINK INTERNATIONAL INC.** | § | |
| **and ENERGYLINK CORPORATION** | § | |
| Defendants | § | |

## UNOPPOSED JOINT MOTION TO CONSOLIDATE

Under Federal Rule of Civil Procedure 42(a) and LR 7.6, all parties jointly move to consolidate *EnergyLink Corporation d/b/a EnergyLink International v. Braden Group BV f/k/a Innova Global Europe BV*, Case No. 4:23-cv-00626, with *Braden Group B.V. and Braden Americas Inc. v. EnergyLink International Inc. and EnergyLink Corporation*, Case No. 4:23-cv-00630. These cases, filed the same day, involve common questions of law and fact that can be resolved more expeditiously if consolidated. Consolidation will not prejudice any party.

Counsel for all parties have conferred and jointly agree to this motion. The parties further jointly agree that the two cases should be consolidated before Judge Hanen.

## I.      NATURE AND STAGE OF PROCEEDING

While the parties agree on the relief requested in this motion, they provide the following separate statements of the nature and stage of the proceeding.

### A.      EnergyLink's Statement

These cases arise out of a December 27, 2022 cease-and-desist letter from Braden to EnergyLink. In the letter, Braden alleged that EnergyLink possessed, used, and disclosed "trade secret, confidential, and/or proprietary information belonging to [Braden]" that was "previously owned by Innova Global Ltd." (Braden Compl. Ex. D, EnergyLink Compl., Ex. 1.) The letter stated that Braden is "the successor-in-interest to . . . Innova Global, Ltd." and that the protected information includes "certain engineering drawings." *Id.* EnergyLink disputed Braden's allegations.

On February 17, 2023, both parties filed complaints in this Court:

EnergyLink alleges in its complaint (assigned to Judge Hanen) that in 2022, "EnergyLink was in discussion with GE about potentially supplying [its product] to GE in Houston . . . . But then, suddenly, GE ended the discussion . . . [explaining] that it was too risky to get involved in a dispute between the two vendors [EnergyLink and Braden]." (EnergyLink Compl. ¶ 26.) EnergyLink further alleges that Braden had made statements in the market that "falsely accused EnergyLink of using Braden[]'s intellectual property in EnergyLink's [product]." (*Id.*) Based on these and other allegations, EnergyLink brings seven claims: (1) declaratory judgment of no trade secret misappropriation by EnergyLink under state and federal law, (2) defamation, (3) business disparagement, (4) tortious interference with prospective business relationship, (5) unfair competition, (6) false advertising under federal law, and (7) false advertising under state law. (EnergyLink Compl. ¶¶ 28–73.)

Braden alleges in its complaint (assigned to Judge Ellison) that EnergyLink infringed copyrights in "Engineering Drawings," including but not limited to an "AIG Assembly Drawing." (Braden Compl. ¶¶ 1, 25, 29.) Based on these and other allegations, and based on the December 27 letter, Braden brings four claims: (1) copyright infringement, (2) declaratory judgment of copyright ownership, (3) declaratory judgment of no tortious interference with prospective business relations, and (4) declaratory judgment of no business disparagement. (Braden Compl. ¶¶ 37–60.)

The EnergyLink complaint has the earlier ECF number. On March 6, 10, 17, and 24, 2023, counsel for all parties met and agreed to jointly file this unopposed motion to consolidate the cases before Judge Hanen.

## B.     Braden's Statement

Both of these cases arise out of EnergyLink's alleged use of Innova-branded engineering drawings depicting aspects of the ammonia injection grid (AIG) system that forms part of a larger selective catalytic reduction (SCR) system, and/or derivatives or reproductions of those drawings. Braden contends that it owns these engineering drawings and that EnergyLink's use of the drawings is unauthorized. On December 27, 2022, Braden sent a cease-and-desist letter to EnergyLink concerning the drawings, and the parties engaged in an exchange of pre-suit correspondence leading up to February 17, 2023, when both parties filed complaints against each other in this District.

Braden alleges in its complaint (assigned to Judge Ellison) that EnergyLink infringed copyrights in "Engineering Drawings," including but not limited to an "AIG Assembly Drawing." (Braden Compl. ¶¶ 1, 25, 29.) These allegations are based in part on the fact that EnergyLink distributed, without authorization, a copy of the AIG Assembly Drawing (still bearing the Innova

3

logo), to a manufacturing vendor in the United States in connection with EnergyLink's request for a quote related to manufacturing. (Braden Compl. ¶¶ 29.) EnergyLink was formed by former employees of Innova. Braden pleads four claims: (1) copyright infringement, (2) declaratory judgment of copyright ownership, (3) declaratory judgment of no tortious interference with prospective business relations, and (4) declaratory judgment of no business disparagement. (Braden Compl. ¶¶ 37–60.)

EnergyLink alleges in its complaint (assigned to Judge Hanen) that in 2022, "EnergyLink was in discussion with GE about potentially supplying [its product] to GE in Houston . . . . But then, suddenly, GE ended the discussion . . . [explaining] that it was too risky to get involved in a dispute between the two vendors [EnergyLink and Braden]." (EnergyLink Compl. ¶ 26.) EnergyLink further alleges that Braden had made statements in the market that "falsely accused EnergyLink of using Braden[]'s intellectual property in EnergyLink's [product]." (*Id.*) Based on these and other allegations, EnergyLink pleads seven claims: (1) declaratory judgment of no trade secret misappropriation by EnergyLink under state and federal law, (2) defamation, (3) business disparagement, (4) tortious interference with prospective business relationship, (5) unfair competition, (6) false advertising under federal law, and (7) false advertising under state law. (EnergyLink Compl. ¶¶ 28–73.)

On February 17, 2023, the day when both complaints were filed, the Court's electronic filing system was inoperable. Thus, both complaints were filed in person, but neither was time-stamped upon filing. Both cases were issued docket numbers the following business day. The EnergyLink complaint before Judge Hanen bears Civil Action No. 4:23-cv-00626. The Braden complaint before Judge Ellison bears Civil Action No. 4:23-cv-00630. The clerk has indicated to counsel for Braden that the case numbers are not representative of which case was filed first;

however, the EnergyLink complaint has the lower docket number.  On March 6, 10, 17, and 24, 2023, counsel for all parties met and conferred regarding this issue. EnergyLink proposed to consolidate these cases before Judge Hanen.  Braden agrees that consolidation is appropriate, and does not oppose consolidation before Judge Hanen.  The parties therefore agreed to jointly file this unopposed motion to consolidate the cases before Judge Hanen.

## II.     ISSUE TO BE RULED UPON

Whether the above-captioned actions should be consolidated before Judge Hanen. "Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing Fed. R. Civ. P. 42(a)) (further citations omitted). Consolidation is improper if it would prejudice the rights of the parties. *Id.* However, in most cases, "[c]onsolidation does not . . . deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citations omitted).

## III.    ARGUMENT

### A.     Both cases involve common questions of law and fact.

These two cases share common questions of law and fact. Both complaints cite Braden's December 27, 2022 letter and attach it as an Exhibit. (Braden Compl. ¶ 30, Ex. D; EnergyLink Compl. ¶ 24, Ex. 1.) Both complaints cite the letter's allegations in, for example, seeking judgment on whether Braden's communications with GE constitute business disparagement and tortious interference with a prospective business relationship. (*Compare* Braden Compl. ¶¶ 56–60 (Count IV) *with* EnergyLink Compl. ¶¶ 48–55 (Count III); Braden Compl. ¶¶ 51–55 (Count III) *with*

EnergyLink Compl. ¶¶ 56–60 (Count IV).) Both complaints also present questions of Braden's ownership of the AIG Assembly Drawing and other intellectual property, and how EnergyLink may have used any such property (*Compare* Braden Compl. ¶¶ 1, 25–29, 44–49 (Count II), *with* EnergyLink Compl. ¶¶ 1, 22, 28–40 (Count I).) Consolidation would spare the parties the time and expense of duplicative efforts and would avoid inconsistent results by addressing these questions only once.

### B.     Consolidation would not prejudice any party.

No party in either case will be prejudiced by consolidation. Both cases were filed just weeks ago, no party has answered the other party's complaint yet,[1] and no discovery has been taken. And all parties agree to consolidation. Consolidation would benefit all parties by relieving them from litigating separate, duplicative proceedings before different judges.

## IV.     CONCLUSION

For the above reasons, all parties jointly request that the above-captioned cases be consolidated before Judge Hanen.

Dated: March 27, 2023

Respectfully submitted,

*/s/ Billy M. Donley*
Billy M. Donley, attorney-in-charge
Texas Bar No. 05977085
Mark E. Smith, of counsel
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

---

[1] Each party has moved to dismiss the other party's complaint. At the time of this filing, neither party has responded to the other party's motion (either via opposition or amended complaint). Briefing has not yet closed on either motion.

6

Kevin W. Kirsch, of counsel *pro hac vice*
Ohio Bar No. 81996
Andrew E. Samuels, of counsel *pro hac vice*
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

*Attorneys for EnergyLink International Inc.*
*and EnergyLink Corporation*


*/s/ Kevin Su*
*By E-Mail Authority*
Kevin Su, attorney-in-charge (Pro Hac Vice)
Massachusetts Bar No. 663726
Adam J. Kessel (Pro Hac Vice)
Massachusetts Bar No. 661211
Philip K. Chen (Pro Hac Vice)
Massachusetts Bar No. 703289
One Marina Park Drive
Boston, MA 02210
Tel. (617) 521-7042
Fax. (617) 542-8906
Email: su@fr.com;
kessel@fr.com;
pchen@fr.com

Bailey K. Benedict (admitted in the Southern District
of Texas)
Texas Bar No. 24083139
S.D. TX Federal ID No. 1725405
909 Fannin St., 21st Floor
Houston, TX 77010
Tel. (713) 654-5399
Fax. (713) 652-0109
Email: benedict@fr.com

Kristen McCallion (Pro Hac Vice)
New York Bar No. 4428470
7 Times Square
20th Floor
New York, NY 10036

Tel. (212) 765-5070
Fax. (212) 258-2291
Email: mccallion@fr.com

*Attorneys for Braden Europe B.V. and Braden Americas, Inc*