IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V. <br> and BRADEN AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ENERGYLINK INTERNATIONAL INC. <br> and ENERGYLINK CORPORATION, <br><br> Defendants. | §§§§§§§§§§§§ | Civil Action No. 4:23-cv-00630 <br> (Lead Case: 4:23-cv-00626) <br><br> Judge Andrew S. Hanen |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL EXHIBIT K TO FIRST AMENDED COMPLAINT

Instead of providing any objective facts to support its "belie[f]" that allowing the public to access Exhibit K "would be harmful" (Doc. No. 32 at 2–3), Braden offers even more subjective opinions on the topic. Based on incorrect assumptions about EnergyLink's "motive for unsealing," Braden speculates that unsealing would "harm Braden's positions and strategies" and would "caus[e] . . . serious injury." (Doc. No. 42 at 4.) "This unfair prejudice," Braden insists without evidence, "is not speculative." (*Id.*)

Braden is wrong, however, about EnergyLink's "motive for unsealing." EnergyLink's motive is not "disclosure of Braden's [] information" for disclosure's sake. (*Id.* at 3.) It is to meaningfully defend itself against Braden's claims of intellectual property ownership and infringement. Braden is refusing to allow any EnergyLink representatives, including EnergyLink's primary corporate counsel in Canada, to access Exhibit K. As a result, EnergyLink's litigation counsel in the United States cannot speak with EnergyLink about the text of Exhibit K, an agreement which Braden claims is the source of the alleged intellectual property rights that it is accusing EnergyLink of infringing.

1

Braden's opposition brief does not justify further sealing of Exhibit K. More specifically, Braden fails to meet its burden to make a "particularized showing" of "prejudice or harm" or to present "substantive reasons or argument" for sealing. *Salcido ex rel. K.L. v. Harris County*, No. 15-2155, 2018 WL 4690276, at *55 (S.D. Tex. Sept. 28, 2018). This "heavy burden" requires Braden "not only [to] point to specific confidential information contained in" Exhibit K, but also to "show the specific harm that would be suffered if the public were granted access" to it. *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)). Braden does neither.

Braden identifies no specific confidential information contained in Exhibit K. Braden alleges that Exhibit K "reflects commercially sensitive details" of an asset purchase, but never says what those details are. (Doc. No. 42 at 1.) Braden's "general assertion" of confidentiality does not outweigh the public interest in access to Exhibit K. *Salcido*, 2018 WL 4690276, at *55; *see also Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) ("Absent elucidation from [defendant] as to the specific information in these exhibits that should remain confidential, the [c]ourt refuses to seal them in their entirety based on a general request to do so."). This is especially true here, where Braden's publicly filed amended complaint dedicates nearly half a page to describing Exhibit K. (Doc. No. 33 ¶¶ 27–28.)

Likewise, Braden identifies no specific harm it would suffer if the Court upheld the public's right of access to Exhibit K. Braden alleges "unfair[] prejudice" and a "risk" of "serious competitive harm," but never says what they are—or why they are "unfair" and "serious." (Doc. No. 42 at 1.) Braden's general "insinuation" that Exhibit K "might be used against [it]" is not specific enough. *Lilheberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780,

2005 WL 1309158, at *2 (E.D. La. May 19, 2005). It certainly is not enough to show that any specific harm "far outweigh[s] any public interest" in access to Exhibit K. (Doc. No. 42 at 4.)

EnergyLink's cited authorities, including those cited above, are not limited to cases "which concern public entities." (*Id.* at 3.) In a leading Fifth Circuit case on unsealing, *North Cypress*, the court affirmed the unsealing of a private hospital's alleged confidential information in the hospital's dispute with a private insurer. 781 F.3d at 203–04. Nor are EnergyLink's cited authorities affected by Braden's citations to two cases from the District of New Jersey. (Doc. No. 42 at 2–3.) Braden implies that those cases lend special protection to "private commercial agreements and documents." (*Id.* at 2.) But those cases applied a District of New Jersey local rule on unsealing, and that rule specifically distinguished between "private [and] public interest[s]." *Medwell, LLC v. Cigna Corp.*, No. 20-cv-10627, 2020 WL 7694008, at *3 (D.N.J. Dec. 28, 2020) (citing D.N.J. L. Civ. R. 5.3(c)(2)); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (citing D.N.J. L. Civ. R. 5.3(c)(2)). This Court has no similar rule.

\*   \*   \*

Braden extensively describes Exhibit K in alleging ownership of intellectual property rights and accusing EnergyLink of infringing them. (Doc. No. 33 ¶¶ 27–28.) The public—including the corporate officers and Canadian counsel of EnergyLink, the accused party—should not have to accept Braden's description at face value. Yet Braden refuses to file Exhibit K with the Court, or even to produce it in discovery, except "under seal." (Doc. No. 42 at 1.) EnergyLink and the public should be allowed to read Exhibit K for themselves, and Braden fails to meet its burden of showing otherwise. For all these reasons, EnergyLink's motion to unseal should be granted.

Dated: May 10, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ Billy M. Donley*

| | |
|---|---|
| Kevin W. Kirsch, of counsel | Billy M. Donley, attorney-in-charge |
| (admitted *pro hac vice*) | Texas Bar No. 05977085 |
| Ohio Bar No. 81996 | Mark E. Smith, of counsel |
| Andrew E. Samuels, of counsel | Texas Bar No. 24070639 |
| (admitted *pro hac vice*) | 811 Main Street, Suite 1100 |
| Ohio Bar No. 90189 | Houston, Texas 77002 |
| 200 Civic Center Drive, Suite 1200 | T (713) 751-1600 |
| Columbus, Ohio 43215 | F (713) 751-1717 |
| T (614) 228-1541 | |
| F (614) 462-2616 | |

*Attorneys for Defendants
EnergyLink International Inc.
and EnergyLink Corporation*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 10, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

Dated: May 10, 2023

*s/ Billy M. Donley*
Billy M. Donley