UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGYLINK CORPORATION d/b/a ENERGYLINK INTERNATIONAL<br><br>              Plaintiff,<br><br>v.<br><br>BRADEN GROUP BV f/k/a INNOVAGLOBAL EUROPE BV<br><br>              Defendant. | C.A. No. 4:23-cv-00626 |
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC.<br><br>              Plaintiff,<br><br>v.<br><br>ENERGYLINK INTERNATIONAL INC. and ENERGYLINK CORPORATION<br><br>              Defendant. | C.A. No. 4:23-cv-00630[1]<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, MOTION
TO DISMISS COUNT II FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

[1] This opposition brief is a response to Defendants' Motion for Judgment on the Pleadings, or Alternatively, Motion to Dismiss Count II for Lack of Subject-Matter Jurisdiction, which was originally filed on April 19, 2023 as Dkt. 41 in Civil Action No. H-23-630. The two matters have since been consolidated. For the purposes of this brief and to avoid confusion, the docket entries referenced in this brief refer to those previously filed under the 630 matter.

# TABLE OF CONTENTS

        **Page(s)**

I. INTRODUCTION ..................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ..........................................2

III. STATEMENT OF ISSUES TO BE RULED ON ...............................................4

IV. ARGUMENT .......................................................................................................4

    A. EnergyLink's Motion for Judgment on the Pleadings Should Be Denied ..............4

        1. Innova Global Operating Ltd. Owned the Drawings and Copyrights at Issue and Braden Group B.V. f/k/a Innova Global Europe B.V. Acquired Those Assets Through the Agreement ........................................5

        2. EnergyLink's Arguments Are Meritless......................................................7

    B. EnergyLink's Alternative Rule 12(b)(1) Motion to Dismiss Braden's Claim for Declaratory Judgment of Copyright Ownership (Count II) Should Be Denied ......8

V. CONCLUSION...................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*MedImmune, Inc. v. Genetech, Inc.*,
   549 U.S. 118 (2007) ...................................................................................................9

*Orix Credit Alliance, Inc. v. Wolfe*,
   212 F.3d 891 (5th Cir. 2000) ...................................................................................8, 9

*Piazzo v. Allstate Indemnity Co.*,
   601 F. Supp. 3d 189 (S.D. Tex. 2022).........................................................................5

*Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*,
   29 F.4th 252 (5th Cir. 2022) ...................................................................................4, 5

*Sherwin-Williams Company v. Holmes County*,
   343 F.3d 383 (5th Cir. 2003) ......................................................................................8

*Slinski v. Bank of Am., N.A.*,
   981 F. Supp. 2d 19 (D.D.C. 2013) ...........................................................................10

*Vantage Trailers, Inc. v. Beall Corp.*,
   567 F.3d 745 (5th Cir. 2009) ...................................................................................8, 9

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(1).............................................................................................4, 8

Fed. R. Civ. P. Rule Rule 12(b)(6) .......................................................................................4

Fed. R. Civ. P. Rule 12(c) ................................................................................................4, 5

**Statutes**

28 U.S.C. § 2201(a) .............................................................................................................9

## I. INTRODUCTION

In an attempt to delay discovery into its unauthorized use and reproduction of Braden's copyrighted engineering drawings, EnergyLink moves for judgment on the pleadings and, alternatively, to dismiss Braden's claim for declaratory judgment of copyright ownership (Count II) based on incorrect application of facts and law. Both motions lack merit and should be denied.

EnergyLink's motion for judgment on the pleadings should be denied because the amended complaint establishes that Braden holds title to the drawings and copyrights at issue. EnergyLink's argument to the contrary is based on a false premise that Innova Global Ltd. was the former legal title holder of the drawings and copyrights. It was not, and the amended complaint does not say otherwise. Instead, Braden alleged that Innova Global **Operating** Ltd. was the owner of the drawings and copyrights. Plaintiff Braden Group B.V. (then known as Innova Global Europe B.V.), through a Purchase and Sale Agreement with PricewaterhouseCoopers (as receiver and manager of Innova Global Operating Ltd.) in August 2019 (the "Agreement"), purchased and became the owner of those assets. Braden has more than plausibly pled that it is the owner of the copyrights at issue and is prepared to prove those allegations at trial.

EnergyLink's motion to dismiss Braden's claim for declaratory judgment for copyright ownership should also be denied because an actual controversy exists between the parties. Braden says it owns the copyrights at issue; EnergyLink says Braden does not. Whether EnergyLink's challenge is based on its own ownership of the copyrights or that of a third party, the bottom line is the same: it disputes Braden's ownership of the copyrights. There exists an actual, concrete controversy between the Braden and EnergyLink that is harming Braden. A declaratory judgment to resolve that controversy is warranted.

## II. NATURE AND STAGE OF THE PROCEEDINGS

This case arises out of EnergyLink's unlawful and unauthorized use of certain Braden-owned engineering drawings in violation of Braden's copyrights. Braden, like its predecessor Innova Global Ltd., is "in the business of developing, manufacturing, and supplying SCR systems and related solutions that help gas turbine systems in the United States generate clean power and reduce emissions." (Dkt. 33 at ¶ 24.) Innova Global Ltd. was a Canadian holding company that owned stock in and controlled its subsidiaries and affiliates, including its Canadian operating subsidiary, Innova Global Operating Ltd. (*Id.* at ¶ 25.) Innova Global Operating Ltd. owned certain assets, including the ▮▮▮▮▮▮▮▮▮▮ the drawings and copyrights to those drawings that are at issue. (*Id.* at ¶ 26; Dkt. 34-15 at § 1.1(c)–(d).) The Innova group of companies, which included Innova Global Ltd. and Innova Global Operating Ltd., generally did business and were known as "Innova Global Ltd." (*Id.* at ¶ 24.)

After encountering financial difficulties resulting from a global downturn in the energy market, the Innova group of companies entered into receivership and laid off employees, several of whom later formed EnergyLink, a company that, like Braden, supplies SCR systems to gas turbine operators in the United States. (*See id.* at ¶¶ 27, 35.) As part of the receivership, PricewaterhouseCoopers Inc., LIT ("PwC") was appointed receiver and manager of the corporate assets of Innova Global Ltd.'s operating subsidiary, Innova Global Operating Ltd. (*Id.* at ¶¶ 25–27.) Plaintiff Braden Group B.V., then known as Innova Global Europe B.V., entered into a transaction with, among others, PwC, to generally take on Innova Global Ltd.'s business, including specifically, to purchase the assets of Innova Global Operating Ltd. (*Id.* at ¶¶ 27–28; Dkt. 34-15 at 1.)

One aspect of the transaction between Braden and PwC involved the Agreement. (Dkt. 33 at ¶¶ 27–28.) That Agreement states that ▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████ (Dkt. 34-15 at 1.) It also defines ████ to mean ████████████████████████████████████ ████████████████████ (*Id.* at § 1.1(c).) It further defines ████████████ to mean

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ (*Id.* at § 1.1(d).) These ████████ included the proprietary engineering drawings identified by Braden in the amended complaint, and by way of the Agreement, Braden "owns all right, title and interest, including copyright" in the drawings. (Dkt. 33 at ¶¶ 29–30.)

After discovering that EnergyLink had improperly taken, reproduced, and distributed to a manufacturing vendor one of these drawings, Braden's counsel wrote to EnergyLink. (*Id.* at ¶¶ 36–38; *see also* Dkt. 33-16–33-17.) In its letter, dated December 27, 2022, Braden explained that it owns certain intellectual property assets, including the drawings and intellectual property rights that protect the drawings, and that Braden was aware of EnergyLink's unlawful possession, use, and distribution of the drawings. (Dkt. 33 at ¶ 38; Dkt. 33-18.) EnergyLink responded on January 12, 2023, contending that Braden does not own the "title to any intellectual property assets or rights" in the drawings:

> [B]ased upon discussion with informed sources involved with the bankruptcy process for Innova, [EnergyLink] understands that ownership of various IP alleged to be owned by Innova had been contested….[EnergyLink] understands that only copies of files were sold by Innova to Braden, not title to any intellectual property assets or rights.

(Dkt. 33-19 at 1; Dkt. 33 at ¶ 39.) EnergyLink also threatened to "initiate action" against Braden as well as "advise the industry" of Braden's alleged misconduct. (Dkt. 33 at ¶ 39.) Braden replied to EnergyLink in an email dated January 18, 2023. (*Id.* at ¶ 40.) There, Braden stated that

3

EnergyLink has "raised concerns that Braden does not 'own' the intellectual property at issue." (Dkt. 33-32 at 1.) Braden also expressly disputed EnergyLink's assertions to the same effect. (*Id.*) After a series of further communications, (Dkt. 33 at ¶¶ 41–44), both Braden and EnergyLink filed complaints in the Southern District of Texas against one another on the same day on February 17, 2023. Braden amended its complaint on April 5, 2023. (Dkt. 33.) The amended complaint includes claims for (i) copyright infringement, (ii) declaratory judgment of copyright ownership, (iii) declaratory judgment of no tortious interference with prospective business relations, and (iv) declaratory judgment of no business disparagement. (*Id.* at ¶¶ 45–71.) On April 5, 2023, EnergyLink filed the instant motion and answered the amended complaint. (Dkt. 39; Dkt. 41.) On May 3, 2023, this case was consolidated with the case initiated by EnergyLink, *EnergyLink Corp. v. Braden Group B.V.*, No. H-23-626 (S.D. Tex.). (Dkt. 43.)

## III. STATEMENT OF ISSUES TO BE RULED ON

1.  Whether EnergyLink's Rule 12(c) motion for judgment on the pleadings should be denied because the First Amended Complaint (Dkt. 33) plausibly alleges that Braden owns the copyrights at issue.

2.  Whether EnergyLink's alternative Rule 12(b)(1) motion to dismiss Braden's claim for declaratory judgment of copyright infringement (Count II) for lack of subject-matter jurisdiction should be denied because an actual controversy exists between Braden and EnergyLink regarding Braden's ownership of the infringed copyrights.

## IV. ARGUMENT

### A. EnergyLink's Motion for Judgment on the Pleadings Should Be Denied

The amended complaint alleged facts establishing that Braden, through the Agreement, owns the drawings and copyrights at issue. The standard for a Rule 12(c) motion for judgment on the pleadings is the same as that for a motion to dismiss under Rule 12(b)(6). *Q Clothier New*

4

*Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Piazzo v. Allstate Indemnity Co.*, 601 F. Supp. 3d 189, 192 (S.D. Tex. 2022). Because courts must liberally construe the complaint in favor of the plaintiff, a motion under Rule 12(c) is "generally viewed with disfavor and rarely granted." *Id.* Braden alleged that Innova Global **Operating** Ltd. was the owner of the drawings and copyrights. (Dkt. 33 at ¶¶ 26–28; Dkt. 34-15 at § 1.1(c)–(d).) Braden also alleged that Innova Global Europe B.V., now Plaintiff Braden Group B.V., acquired title to those assets through the Agreement. (Dkt. 33 at ¶¶ 28–29.) These allegations, which must be accepted as true, establish that Braden now owns the drawings and copyrights at issue. Nothing more is required at the pleadings stage.

      **1.**     **Innova Global Operating Ltd. Owned the Drawings and Copyrights at Issue and Braden Group B.V. f/k/a Innova Global Europe B.V. Acquired Those Assets Through the Agreement**

As explained in the amended complaint, Innova Global Ltd. was a "Canadian holding company" that was "in the business of developing, manufacturing, and supplying SCR systems and related solutions." (Dkt. 33 at ¶¶ 24–25.) As a holding company, Innova Global Ltd., through ownership of stock, "owned and controlled" its operating subsidiaries and affiliates, including its Canadian operating subsidiary, Innova Global **Operating** Ltd. (*Id.* at ¶ 25.) Innova Global **Operating** Ltd., as the "Canadian operating subsidiary" of Innova Global Ltd., owned and held title to "tangible assets, including among other things . . . engineering drawings related to SCR systems." (*Id.* at ¶ 26; Dkt. 34-15 at § 1.1(c)–(d).) In addition to tangible assets like engineering drawings, Innova Global **Operating** Ltd. also owned and held title to "intellectual property, including copyrights, embodied therein." (Dkt. 33 at ¶ 26; Dkt. 34-15 at § 1.1(c)–(d).) These facts establish that Innova Global Ltd., as the holding company and entity "in the business" of SCR systems, controlled its operating subsidiary Innova Global Operating Ltd. and the drawings and

5

copyrights vested in Innova Global Operating Ltd. This type of corporate structure, where a holding company controls an operating subsidiary, and where the operating subsidiary actually holds title to various assets, is common and unremarkable, and at the very least plausible.

The Agreement, attached to the amended complaint as Exhibit K, confirms that Innova Global Operating Ltd. held the legal title to the engineering drawings, as well as the copyrights in and to those drawings. (Dkt. 34-15 at § 1.1(c)–(d).) At the outset, the Agreement acknowledges that ███████████████████████████████████████ (*Id.* at 1.) The Agreement defines ██████ to mean ███████████████████████████████████ ███████████████████████████████ (*Id.* at § 1.1(c).) The Agreement also defines ██████ ██████ to mean █████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ (*Id.* at § 1.1(d).) EnergyLink does not dispute that Innova Global Operating Ltd. had intellectual property that was transferred to Braden by the Agreement, (Dkt. 41 at 7 (referencing "Innova Global Operating Ltd.'s intellectual property")), and its contention that the copyrights asserted here were not part of the transfer is belied by the Agreement itself.

Braden also explained in its amended complaint that the Agreement transferred "all right, title, and interest" to ████████████████████████████████████████ ██████ including the engineering drawings and copyrights to Innova Global Europe B.V., now known as Braden Group B.V. (Dkt. 33 at ¶¶ 28–29.) EnergyLink does not dispute that the Agreement reflects a transfer of the assets of Innova Global Operating Ltd., including drawings and copyrights thereto, to what is now known as Braden Group B.V. (*See* Dkt. 41 at 5 ("Braden acquired 'copies of' Innova Global Operating Ltd.'s 'Books and Records' for $1.").)

## 2. EnergyLink's Arguments Are Meritless

EnergyLink's strawman arguments that Braden does not own the copyrights at issue are based on manufactured, alternative "facts" that are untethered to reality and, at a minimum, constitute a dispute of Braden's well-pled allegations, which must be accepted as true at this stage.

EnergyLink argues that Innova Global Ltd. owned the copyrights in the drawings, and through the Agreement, Braden did not acquire any copyrights owned by Innova Global Ltd. (Dkt. 41 at 6–7.) EnergyLink's argument ignores which entity held legal title to the drawings and copyrights. As explained above and in the amended complaint, Innova Global Ltd. was "in the business of developing, manufacturing, and supplying SCR systems and related solutions," and had the drawings at issue created on its behalf. (*Id.* at ¶¶ 24, 32.) As reflected in the amended complaint and the Agreement, Innova Global Ltd. kept those drawings ▌

▌, the entity that actually held title to the drawings and copyrights embodied in those drawings. (Dkt. 33 at ¶¶ 25–26, 28–29, 32; Dkt. 34-15 at § 1.1(c)–(d).) Through the Agreement, title to the drawings and copyrights therein was transferred from Innova Global Operating Ltd. to Innova Global Europe B.V., now known as Braden Group B.V.[2] (Dkt. 33 at ¶¶ 28–29; Dkt. 34-15 at § 1.1(c)–(d).) And, while the drawings bear a label that states that "information contained within this drawing is the exclusive property of Innova Global Ltd." (Dkt. 33-1–33-15), that label does not determine which Innova entity held the legal title to the drawings and copyrights. (*See* Dkt. 33 at ¶¶ 26–28; Dkt. 34-15 at § 1.1(c)–(d).)

---

[2] EnergyLink also notes that under the Agreement, ▌ ▌ (Dkt. 41 at 6.) To the extent EnergyLink contends that the Agreement did not result in a valid transfer of Innova Global Operating Ltd.'s copyrights to Braden either based on the sufficiency of consideration or the effect of transferring ▌ EnergyLink is wrong, but such issues are not appropriately decided at the pleadings stage.

EnergyLink also asserts that each of Braden's claims "depend on" whether Braden owns the copyrights at issue. (Dkt. 41 at 6.) It is true that Braden, as a copyright plaintiff, must establish copyright ownership as part of its claim for copyright infringement (Count I) and for its declaratory judgment claim of copyright ownership (Count II). However, Counts III and IV of the amended complaint, which seek declaratory judgments of no tortious interference with prospective business relations and no business disparagement, respectively, plainly arise from EnergyLink's threats to sue Braden based on certain statements allegedly made by Braden, not Braden's copyright ownership. (Dkt. 33 at ¶¶ 39, 64–65, 69–70; Dkt. 33-19 at 2 (threatening to "initiate action" against Braden).) Although the issue of copyright ownership may be relevant to—and perhaps even dispositive of—the declaratory judgment claims alleged in Counts III and IV, that does not make it a necessary element of either claim.

**B.     EnergyLink's Alternative Rule 12(b)(1) Motion to Dismiss Braden's Claim for Declaratory Judgment of Copyright Ownership (Count II) Should Be Denied**

Braden has stated that it owns the copyrights at issue; EnergyLink says that Braden does not. This dispute, which ripened through pre-suit correspondence and continues now, gives rise to the actual controversy that supports this Court's jurisdiction over Braden's claim for declaratory judgment of copyright ownership.

In deciding whether to hear a declaratory judgment claim, the Court must consider: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action. *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). To be justiciable, a declaratory judgment action must be ripe. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). A declaratory judgment suit is justiciable if an "actual controversy" exists between the parties. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir.

8

2009); *Orix*, 212 F.3d at 896 (citing 28 U.S.C. § 2201(a)). An actual controversy exists where there is a "substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007).

Before filing the instant lawsuit, counsel for Braden sent a letter to EnergyLink. (Dkt. 33 at ¶ 38.) In the letter, Braden informed EnergyLink that Braden owns certain intellectual property assets, including drawings and intellectual property in those drawings. (*Id.*; Dkt. 33-18.) Braden also stated that it was aware the engineering drawings were being used and distributed in violation of Braden's intellectual property rights. (Dkt. 33 at ¶ 38; Dkt. 33-18.) In its response, EnergyLink crystallized the controversy between the parties by not only expressly challenging Braden's ownership of the drawings and "title to any intellectual property assets or rights" thereto, but also going so far as to threaten to "initiate action" against Braden. (Dkt. 33 at ¶ 39; Dkt. 33-19 at 1–2.) Braden later replied to EnergyLink, noting that EnergyLink has "raised concerns that Braden does not 'own' the intellectual property at issue," and expressly disputed EnergyLink's allegations to the same effect. (Dkt. 33-32 at 1.) To date, as reflected in its pleadings, EnergyLink continues to dispute Braden's ownership of the copyrights at issue. (Dkt. 39 at ¶¶ 28–29, 38, 46, 50, 53, 57–58; Dkt. 41 at 1, 6–7.) There is clearly a "substantial controversy, between parties having adverse legal interest [concerning Braden's ownership of the copyrights at issue], of sufficient immediacy to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Despite EnergyLink's plain statements challenging Braden's copyright ownership, EnergyLink nevertheless asserts that there is no declaratory judgment jurisdiction over Braden's claim because "EnergyLink has not claimed ownership of the copyrights." Rather, EnergyLink argues that the "dispute is about whether Braden or a third party . . . owns the copyrights." (Dkt.

9

41 at 7–8.) These arguments are irrelevant. Either way, EnergyLink still disputes Braden's copyright ownership.

Braden's declaratory judgment claim of ownership and its infringement claim are not entirely co-extensive. Braden could prevail on its declaratory judgment claim of ownership, but for reasons not related to ownership, not prevail on proving infringement. Even so, the declaratory judgment Braden seeks would benefit Braden as it would establish conclusively in the face of EnergyLink's opposition that Braden is the owner and title holder of those copyrights. And if Braden were to prevail on its declaratory judgment claim, the relief granted could very well narrow or even settle the controversy between Braden and EnergyLink. Thus, ownership and infringement are plainly separately contested issues here, made clear through EnergyLink's pre-suit correspondence and pleadings in the case. A separate cause of action seeking the Court's declaratory judgment of Braden's ownership is therefore appropriate.

The *Slinski* case on which EnergyLink relies is inapposite. There, the plaintiffs sought a declaratory judgment establishing "which of two third parties owns a property," even though the plaintiffs did "not claim an ownership interest themselves." *Slinski v. Bank of Am., N.A.*, 981 F. Supp. 2d 19, 38 (D.D.C. 2013). Noting that the requested declaratory judgment would not "finally settle the controversy between the parties" and expressing skepticism that the declaratory relief would benefit plaintiffs, the parties' alleging injury, the court declined jurisdiction over the claim. *Id.* at 38. Unlike the *Slinki* plaintiffs, Braden itself does claim an ownership interest in the intellectual property at issue, and it has alleged that, by way of the Agreement, it is the sole and exclusive owner of the copyrights at issue. (*See, e.g.*, Dkt. 33 at ¶¶ 29, 46, 57, 58.)

Lastly, EnergyLink's assertion that "even if the declaration could settle the controversy between the parties, it would not settle any ownership controversy between the parties and Innova

10

Global Ltd." misses the mark. (Dkt. 41 at 8.) As explained, Innova Global **Operating** Ltd., not Innova Global Ltd., was the legal title owner of the drawings and copyrights at issue. *See* Section IV.A, *supra*. The drawings were created on behalf of Innova Global Ltd. and kept by Innova Global Ltd. through its operating subsidiary, Innova Global Operating Ltd.[3] *Id.* And Braden acquired the rights to those drawings and copyrights from Innova Global Operating Ltd. through the Agreement. *Id.* The controversy central to this case therefore exists between Braden and EnergyLink, not between Braden or EnergyLink and Innova Global Ltd., a defunct third party which does not itself raise any ownership dispute.[4]

In sum, EnergyLink's own statements in pre-suit correspondence and in its pleadings belie its argument that there is no actual controversy between the parties over Braden's claim of copyright ownership.

## V. CONCLUSION

For the foregoing reasons, Braden requests that the Court deny EnergyLink's motion for judgment on the pleadings and, alternatively, to dismiss Count II of the amended complaint.

---

[3] EnergyLink points out that the complaint alleges the "Engineering Drawings" were "created . . . on behalf of" and "kept by" Innova Global Ltd. (Dkt. 41 at 8.) However, this does not mean that Innova Global Ltd. is the legal title owner of the drawings. As expressly pled and stated in the Agreement, Innova Global Operating Ltd. is the legal title owner of the drawings and copyrights. (Dkt. 33 at ¶ 26; Dkt. 34-15 at § 1.1(c)–(d).)

[4] EnergyLink also argues that Innova Global Ltd. is a necessary party. This is incorrect for the same reason EnergyLink's faulty assumption that Innova Global Ltd. held legal title to the drawings and copyrights, as explained above. *See* Section IV.A, *supra*.

Dated: May 10, 2023                        FISH & RICHARDSON P.C.

By: */s/ Kevin Su*
Kevin Su, Attorney-in-Charge (*Pro Hac Vice*)
Massachusetts Bar No. 663726
Adam J. Kessel (*Pro Hac Vice*)
Massachusetts Bar No. 661211
Philip K. Chen (*Pro Hac Vice*)
Massachusetts Bar No. 703289
One Marina Park Drive
Boston, MA 02210
Tel. (617) 521-7042
Fax. (617) 542-8906
Email: su@fr.com; kessel@fr.com;
pchen@fr.com

Bailey K. Benedict
Texas Bar No. 24083139
S.D. TX Federal ID No. 1725405
Joshua H. Park
Texas Bar No. 24121766
S.D. TX Federal ID No. 3653542
909 Fannin St., 21st Floor
Houston, TX 77010
Tel. (713) 654-5399
Fax. (713) 652-0109
Email: benedict@fr.com; jpark@fr.com

Kristen McCallion (*Pro Hac Vice*)
New York Bar No. 4428470
7 Times Square
20th Floor
New York, NY 10036
Tel. (212) 765-5070  Fax. (212) 258-2291
Email: mccallion@fr.com

*Attorneys for Plaintiffs*
*Braden Europe B.V. and Braden Americas, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 10, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

> */s/ Kevin Su*
> *Kevin Su*