IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V. <br> and BRADEN AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ENERGYLINK INTERNATIONAL INC. <br> and ENERGYLINK CORPORATION, <br><br> Defendants. | § § § § § § § § § § § § | Civil Action No. 4:23-cv-00630 <br> (Lead Case: 4:23-cv-00626) <br><br> Judge Andrew S. Hanen |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

(or, Alternatively, Reply in Support of
Motion to Dismiss Count II for Lack of Subject-Matter Jurisdiction)

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A. EnergyLink is entitled to judgment on the pleadings on all claims. | 2 |
| |     1. Braden does not own the alleged copyrights. | 2 |
| |         a. Braden fails to plead how the copyrights allegedly passed from Innova Global Ltd. to Innova Global Operating Ltd. | 2 |
| |         b. The exhibits to the amended complaint identify Innova Global Ltd. as the alleged copyright owner. | 3 |
| |     2. Braden's lack of ownership requires judgment for EnergyLink on all claims, including the declaratory judgment claims. | 4 |
| | B. Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed for lack of a justiciable controversy. | 5 |
| |     1. EnergyLink has not claimed ownership of the copyrights, so Braden's requested declaration would not resolve the parties' dispute. | 5 |
| |     2. Innova Global Ltd., the true copyright owner, is a necessary party. | 6 |
| III. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Engel v. Teleprompter Corp.*,
   703 F.2d 127 (5th Cir. 1983) ...................................................................................................3

*Helia Tec Res., Inc. v. GE & F Co.*,
   No. 09-1482, 2011 WL 4383085 (S.D. Tex. Sept. 20, 2011) ....................................................6

*Kamps v. Baylor Univ.*,
   592 F. App'x 282 (5th Cir. 2014) .........................................................................................3, 4

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004) ....................................................................................................4

*Slinski v. Bank of Am., N.A.*,
   981 F. Supp. 2d 19 (D.D.C. 2013) ............................................................................................5

## I. INTRODUCTION

Braden's amended complaint (Doc. No. 33)[1] and opposition brief (Case No. 4:23-cv-00626, Doc. Nos. 26, 27) confirm that Braden does not own any of the alleged copyrights underlying its claims.

Braden admits that a third party, **Innova Global Ltd.**, "had the drawings at issue created on its [**Innova Global Ltd.'s**] behalf." (Case No. 4:23-cv-00626, Doc. No. 26 at 7).



The drawings, which Braden attaches to the amended complaint as exhibits, say on their faces that "[a]ll information contained within this drawing is the exclusive property of **Innova Global Ltd.**" (Doc. Nos. 33-1, 34-1 through 34-14).

Braden also alleges that "title to the drawings and copyrights embodied in those drawings" passed from another third party, **Innova Global Operating Ltd.**, to **Innova Global Europe B.V.** (now known as Plaintiff **Braden Group B.V.**). (Case No. 4:23-cv-00626, Doc. No. 26 at 7.)



Yet Braden never connects these allegations. It *fails to plead* how the copyrights at issue could have passed from **Innova Global Ltd.** to **Innova Global Operating Ltd.** in the first place:



---

[1] All record citations use the docket numbers in Case No. 4:23-cv-00630 unless otherwise noted.

It also fails to plead the existence of any agreement transferring the ownership of the copyrights at issue from **Innova Global Ltd.** to **Innova Global Operating Ltd.** Braden cannot fill in the gaps with its factually unsupported and legally incorrect allegations that if one Innova entity owns a copyright, then all of them do.

Because Braden does not own the alleged copyrights as a matter of law, EnergyLink is entitled to judgment on the pleadings on all of Braden's claims.

## II. ARGUMENT

### A. EnergyLink is entitled to judgment on the pleadings on all claims.

#### 1. Braden does not own the alleged copyrights.

Despite proclaiming that challenges to its alleged copyright ownership are "untethered to reality," Braden fails to plead a plausible reality in which it owns copyrights that originated with a twice-removed third party, **Innova Global Ltd.** (Case No. 4:23-cv-00626, Doc. No. 26 at 7.)

##### a. Braden fails to plead how the copyrights allegedly passed from Innova Global Ltd. to Innova Global Operating Ltd.

As EnergyLink explained, the agreement that supposedly transferred the alleged copyrights to Braden was [Redacted per 4:23-cv-630, Doc. No. 36.] (Doc. No. 41 at 3–5.) That agreement [Redacted per 4:23-cv-630, Doc. No. 36.] (*Id.* at 4–5) (quoting and citing Doc. No. 34-15 §§ 1.1(d), 1.1(s)). [Redacted per 4:23-cv-626, Doc. No. 36.] (Case No. 4:23-cv-00626, Doc. No. 26 at 2) (citing Doc. No. 33 ¶ 25). This means that **Innova Global Ltd.**'s intellectual property [Redacted per 4:23-cv-630, Doc. No. 36.] between **Innova Global Operating Ltd.** and **Braden**.

Braden fails to refute this point. Braden's discussion of the agreement between **Innova Global Operating Ltd.** and **Braden** largely mirrors EnergyLink's discussion—except Braden omits [Redacted per 4:23-cv-630, Doc. No. 36.] . (Case No. 4:23-cv-

2

00626, Doc. No. 27 at 5–6; Doc. No. 34-15 §§ 1.1(d), 1.1(s).) The agreement between **Braden** and **Innova Global Operating Ltd.** could not have transferred rights to **Braden** that **Innova Global Operating Ltd.** never obtained from **Innova Global Ltd.**:



Braden also never responds to EnergyLink's point (Doc. No. 40 at 7) that **Innova Global Ltd.**'s alleged "ownership of the stock of" **Innova Global Operating Ltd.** does not "justify the conclusion" that one Innova entity owns the other's intellectual property. *Engel v. Teleprompter Corp.*, 703 F.2d 127, 134 (5th Cir. 1983). For this reason, too, Braden's claims are implausible.

### b. The exhibits to the amended complaint identify Innova Global Ltd. as the alleged copyright owner.

Braden repeatedly claims to have "expressly" alleged that **Innova Global Operating Ltd.** owned the copyrights at issue when it entered into the agreement with **Braden**. (Case No. 4:23-cv-00626, Doc. No. 26 at 2, 5, 7, 11 n.3) (citing Doc. No. 33 ¶ 26). That is incorrect. Braden alleges only that **Innova Global Operating Ltd.** "held" unidentified "tangible assets," such as "documents" and "drawings" that "embodied" unidentified "intellectual property, including copyrights." (Doc. No. 33 ¶ 26.) Braden does not allege that **Innova Global Operating Ltd.** "owned" anything, let alone copyrights in the fifteen specific drawings at issue here.

But even if Braden had made that allegation, it would have been trumped not only by the admission that the drawings at issue were created on **Innova Global Ltd.**'s behalf, and not only by the absence of any alleged agreement transferring any copyrights from **Innova Global Ltd.** to **Innova Global Operating Ltd.**, but also by the drawings themselves—which identify **Innova Global Ltd.** as the owner of all rights in the drawings. "When a plaintiff attaches documents to the complaint, courts are not required to accept the plaintiff's interpretation of those documents."

3

*Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014). If "an allegation is contradicted by the contents of an exhibit attached to the pleading," for example, "then indeed the exhibit and not the allegation controls." *Id.* (quoting *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)). The drawings control here.

Braden attached all of the allegedly copyrighted drawings to the complaint. (Doc. Nos. 33-1, 34-1 through 34-14.) Each drawing says on its face that "[a]ll information contained within this drawing is the exclusive property of **Innova Global Ltd.**" (*Id.*)

> All information contained within this drawing is the exclusive property of
> **Innova Global Ltd**
> This design information is CONFIDENTIAL and must not be reproduced or distributed to
> outside parties w thout consent of Innova Global Ltd
> By using this drawing the user agrees to abide by these foregoing terms and conditions.

Braden's unsupported attorney argument that **Innova Global Operating Ltd.** "actually" owned the copyrights (Case No. 4:23-cv-00626, Doc. No. 26 at 6, 7) cannot overcome the drawings' express statements that **Innova Global Ltd.** owns all rights in them.

### 2. Braden's lack of ownership requires judgment for EnergyLink on all claims, including the declaratory judgment claims.

Braden concedes that if it does not own the alleged copyrights, then EnergyLink is entitled to judgment on Braden's "claim for copyright infringement (Count I)" and "declaratory judgment claim of copyright ownership (Count II)." (*Id.* at 8.) Braden also agrees that "the issue of copyright ownership" is "perhaps even dispositive" of its remaining claims: "Declaratory Judgment of No Tortious Interference" (Count III) and "Declaratory Judgment of No Business Disparagement" (Count IV). (*Id.*; Doc. No. 33 at 14, 15) Yet Braden refuses to agree that EnergyLink is entitled to judgment on Counts III and IV if Braden does not own the copyrights. (*Id.*) Contrary to Braden's refusal, however, copyright ownership is "a necessary element" of those claims. (*Id.*)

Braden admits that Counts III and IV "aris[e] from" a "dispute concerning the *legality and truth of Braden's statements regarding its ownership of the copyrights* in the Engineering

4

Drawings, and EnergyLink's misuse of the same." (Doc. No. 33 ¶ 1) (emphasis added). Braden disputes no other element of these claims. (*See id.* ¶¶ 62–71.) So these claims fail if, as a matter of "legality and truth," Braden does not "own[] the copyrights" at issue. (Doc. No. 33 ¶ 1.) Because Braden is not the owner, EnergyLink is entitled to judgment on all claims.

> **B. Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed for lack of a justiciable controversy.**
>
> **1. EnergyLink has not claimed ownership of the copyrights, so Braden's requested declaration would not resolve the parties' dispute.**

As EnergyLink explained, there is no justiciable controversy because EnergyLink has not claimed ownership of the copyrights that Braden is asserting. (Doc. No. 40 at 8.) Rather, the ownership issue is whether **Braden** or a third party, such as **Innova Global Ltd.**, owns the copyrights. (*Id.*) This distinction is not, as Braden calls it, "irrelevant." (Case No. 4:23-cv-00626, Doc. No. 26 at 10.) It is dispositive.

There is no justiciable controversy about who owns property when one or more parties "do not claim an ownership interest" in that property. *Slinski v. Bank of Am., N.A.*, 981 F. Supp. 2d 19, 38 (D.D.C. 2013). Braden cites no contrary authority; instead, it tries and fails to distinguish *Slinski*. Braden suggests that *Slinski* controls only when a declaratory judgment *plaintiff*, such as Braden, does not claim ownership of the property. (Case No. 4:23-cv-00626, Doc. No. 26 at 10.) According to Braden, *Slinski* does *not* control when a declaratory judgment *defendant*, such as EnergyLink, does not claim ownership. (*Id.*) That is no distinction; *Slinski* controls in both cases. In both cases, there is no justiciable controversy because the dispute is about *whether one party* or a third party owns property—not about *which of two parties* owns property. This Court cannot decide, in a dispute between **Braden** and EnergyLink, whether **Innova Global Ltd.** owns the copyrights at issue.

Braden goes on to repeat its old argument that "**Innova Global Operating Ltd.**, not **Innova Global Ltd.**," owned the alleged copyrights and transferred them to **Braden**. (*Id.* at 11.) That argument fails for the reasons explained above, so Count II should be dismissed for lack of a justiciable controversy.

2.  **Innova Global Ltd., the true copyright owner, is a necessary party.**

As EnergyLink further explained (Doc. No. 40 at 7–9), Braden's claim for copyright ownership cannot proceed without **Innova Global Ltd.**, which owns all rights in the copyrighted drawings at issue (Case No. 4:23-cv-00626, Doc. Nos. 33-1, 34-1 through 34-14) and is therefore a necessary party. *Helia Tec Res., Inc. v. GE & F Co.*, No. 09-1482, 2011 WL 4383085, at *4 (S.D. Tex. Sept. 20, 2011). Braden's sole contrary argument is admittedly the "same" argument it made earlier: that "**Innova Global Operating Ltd.** is the legal title owner of the drawings and copyrights." (Case No. 4:23-cv-00626, Doc. No. 26 at 11 n.3.) Because that argument fails for the reasons explained above, Innova Global Ltd. is a necessary party. Count II should be dismissed for failure to join Innova Global Ltd.

### III. CONCLUSION

**Braden** fails to bridge the copyright-ownership gap between **Innova Global Ltd.** and **Innova Global Operating Ltd.**:



Nor can Braden bridge the gap. The allegedly copyrighted drawings say on their faces that they are the property of **Innova Global Ltd.**:

> All information contained within this drawing is the exclusive property of
> **Innova Global Ltd**
> This design information is CONFIDENTIAL and must not be reproduced or distributed to outside parties wthout consent of Innova Global Ltd
> By using this drawing the user agrees to abide by these foregoing terms and conditions.

(Doc. Nos. 33-1, 34-1 through 34-14.) And Braden fails to allege any agreement transferring the ownership of such drawings from Innova Global Ltd. to Innova Global Operating Ltd. No wonder that Braden does not request leave to amend.

For all these reasons, EnergyLink is entitled to judgment on the pleadings. Braden's amended complaint should be dismissed with prejudice.

Dated: May 17, 2023

Kevin W. Kirsch, of counsel
(admitted *pro hac vice*)
Ohio Bar No. 81996
Andrew E. Samuels, of counsel
(admitted *pro hac vice*)
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ Kevin W. Kirsch*
Billy M. Donley, attorney-in-charge
Texas Bar No. 05977085
Mark E. Smith, of counsel
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

*Attorneys for Defendants
EnergyLink International Inc.
and EnergyLink Corporation*

## CERTIFICATE OF SERVICE

Under Fed. R. Civ. P. 5(b)(2)(E), Local Rule 5.1, and Local Rule 5.3, the undersigned hereby certifies that true and correct copies of the foregoing have been served on all counsel of record via notice of electronic filing automatically generated by the Court's electronic filing system.

Dated: May 17, 2023

*s/ Kevin W. Kirsch*
Kevin W. Kirsch