# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ENERGYLINK CORPORATION d/b/a ENERGYLINK INTERNATIONAL<br><br>        Plaintiff,<br><br>  v.<br><br>BRADEN GROUP BV f/k/a INNOVAGLOBAL EUROPE BV<br><br>        Defendant. | C.A. No. 4:23-cv-00626 |
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC.<br><br>        Plaintiffs,<br><br>  v.<br><br>ENERGYLINK INTERNATIONAL INC. and ENERGYLINK CORPORATION<br><br>        Defendants. | C.A. No. 4:23-cv-00630<br><br>**JURY TRIAL DEMANDED** |

**BRADEN'S SUR-REPLY IN OPPOSITION TO ENERGYLINK'S
MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, MOTION
TO DISMISS COUNT II FOR LACK OF SUBJECT-MATTER JURISDICTION**

EnergyLink's motion (Dkt. 41)[1] and reply brief (Case No. 4:23-cv-00626, Dkt. 29) are based entirely on the incorrect presumption that Innova Global Ltd., not Innova Global **Operating** Ltd., was the former legal title holder of the drawings and copyrights.[2] Braden's amended complaint (Dkt. 33) and opposition brief (Case No. 4:23-cv-00626, Dkt. 27), however, show otherwise. The Court should deny EnergyLink's motion because Braden Group B.V. acquired the drawings and copyrights at issue from Innova Global Operating Ltd., the prior legal title holder of the drawings and copyrights.

Braden alleged that Innova Global **Operating** Ltd. held title to "tangible assets, including among other things, documents and engineering drawings related to SCR systems, as well as intellectual property, including copyrights, embodied therein." (Dkt. 33 at ¶ 26; Case No. 4:23-cv-00626, Dkt. 27 at 5–6.) The express language of the Agreement, attached to the amended complaint as Exhibit K, further confirms that Innova Global Operating Ltd. was the owner and legal title holder of these assets. The Agreement states 

(Dkt. 34-15 at 1; Case No. 4:23-cv-00626, Dkt. 27 at 6.) The Agreement states

(Dkt. 33 at § 1.1(c); Case No. 4:23-cv-00626, Dkt. 27 at 6.) And the Agreement states

(Dkt. 33 at § 1.1(d);

---

[1] Unless otherwise specified, all docket entries cited in this brief refer to those previously filed in Civil Action No. H-23-630.

[2] Additionally, EnergyLink continues to incorrectly assert that there can be no justiciable controversy because EnergyLink has not itself claimed ownership of the copyrights. As explained in Braden's opposition brief, because EnergyLink disputes Braden's copyright ownership, there is an immediate controversy between the parties that warrants this Court's jurisdiction over Braden's declaratory judgment claim. (Case No. 4:23-cv-00626, Dkt. 27 at 8–11.)

Case No. 4:23-cv-00626, Dkt. 27 at 6.) Through the Agreement, ▌

▌

▌ (Dkt. 33 at ¶¶ 27–29; Dkt. 41 at 5; Case No. 4:23-cv-00626, Dkt. 27 at 6.) These facts are undisputed.

To sidestep what the amended complaint and Agreement make plain, EnergyLink attempts to fabricate a "missing link" between Innova Global Ltd. and Innova Global Operating Ltd. by arguing the Braden does not plead how the copyrights at issue could have passed from Innova Global Ltd. to Innova Global Operating Ltd. (Case No. 4:23-cv-00626, Dkt. 29 at 1–4.) But there is no missing link. The entity that held legal title to the drawings and copyrights was Innova Global Operating Ltd.[3] (Dkt. 33 at ¶¶ 26–28; Dkt. 34-15 at 1, § 1.1(c)–(d); Case No. 4:23-cv-00626, Dkt. 27 at 5–6.) Innova Global Operating Ltd.'s status as the legal title holder does not change just because the drawings were created on behalf of Innova Global Ltd., the entity that did business for the Innova group of companies, or because they bear a label stating that "information contained within the drawing is the exclusive property of Innova Global Ltd.," (Dkt. 33 at ¶¶ 24, 26–28. 32; Dkt. 33-1–33-15; Dkt. 34-15 at § 1.1(c)–(d); Case No. 4:23-cv-00626, Dkt. 27 at 7.) In short, the mere fact that the label "Innova Global Ltd." appeared on the drawings does not render that entity the legal title owner.

Accordingly, the Court should deny EnergyLink's motion.

---

[3] EnergyLink also raises two points in its reply brief it alleges Braden does not respond to: (1) the Agreement ▌ ▌; and (2) Innova Global Operating Ltd. does not own Innova Global Ltd.'s intellectual property. (Case No. 4:23-cv-00626, Dkt. 29 at 2–3.) These arguments are irrelevant because, as explained above and in Braden's opposition brief, Innova Global Operating Ltd. was the legal title holder of the drawings and copyrights. (Case No. 4:23-cv-00626, Dkt. 27 at 5–8.)

Dated: May 24, 2023                          FISH & RICHARDSON P.C.

By: */s/ Kevin Su*
    Kevin Su, Attorney-in-Charge (*Pro Hac Vice*)
    Massachusetts Bar No. 663726
    Adam J. Kessel (*Pro Hac Vice*)
    Massachusetts Bar No. 661211
    Philip K. Chen (*Pro Hac Vice*)
    Massachusetts Bar No. 703289
    One Marina Park Drive
    Boston, MA 02210
    Tel. (617) 521-7042
    Fax. (617) 542-8906
    Email: su@fr.com; kessel@fr.com;
    pchen@fr.com

    Bailey K. Benedict
    Texas Bar No. 24083139
    S.D. TX Federal ID No. 1725405
    Joshua H. Park
    Texas Bar No. 24121766
    S.D. TX Federal ID No. 3653542
    909 Fannin St., 21st Floor
    Houston, TX 77010
    Tel. (713) 654-5399
    Fax. (713) 652-0109
    Email: benedict@fr.com; jpark@fr.com

    Kristen McCallion (*Pro Hac Vice*)
    New York Bar No. 4428470
    7 Times Square
    20th Floor
    New York, NY 10036
    Tel. (212) 765-5070  Fax. (212) 258-2291
    Email: mccallion@fr.com

*Attorneys for Plaintiffs*
*Braden Europe B.V. and Braden Americas, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 24, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

*/s/ Kevin Su*
Kevin Su